SHACKLETON, APPELLANT, v. ALLEN CHAPEL AFRI-
CAN METHODIST EPISCOPAL CHURCH,
A CORPORATION, ET AL., RESPONDENTS.
(No. 1,340.)

(Submitted May 16, 1901.   Decided June 17, 1901.)

*Mortgages — Corporations — Trustees — Officers — Notice—
Foreclosure—Parties.*

1. Where a second mortgage of church property did not purport to be the
   deed of the corporation, but was executed by the president and secretary
   of the trustees individually, and duly recorded, it was not necessary, in
   order to foreclose their equitable right to redeem, to make the second
   mortgagees parties to an action to foreclose a prior mortgage on the
   church property, since the second mortgage was not constructive notice
   that it was on such property.
2. Deeds executed by an agent or attorney in fact should be executed in the
   name of the principal.
3. An instrument executed by a stranger to the title, whose authority does
   not appear of record, is not within the purview of the recording acts.

*Appeal from District Court, Silver Bow County; John Lind-
say, Judge.*

ACTION to foreclose a mortgage by J. W. Shackleton against
the Allen Chapel African Methodist Episcopal Church, S. V.
Kemper and another.   From a judgment in favor of defendants
Kemper, plaintiff appeals.   Affirmed.

*Mr. Robert Coombe,* for Appellant.

Assuming that the evidence shows a title in defendant, S. V.
Kemper, prior and superior to plaintiff's lien, nevertheless the
undisputed evidence in this case shows that plaintiff has an
equitable mortgage upon the premises, and such an interest
therein as will entitle him to redeem, and not having been made
a party to the foreclosure suit, brought by S. V. Kemper, he
still has a right to foreclose his mortgage, and to a decree permit-
ting him to redeem from said Kemper.   (*Carpenter* v. *Brenham,*
40 Cal. 221.)   Plaintiff's equitable mortgage was of record and

contains a correct description of the mortgaged premises, and shows that the property belonged to Allen Chapel A. M. E. Church. It was therefore notice to Kemper sufficient to put him on enquiry as to plaintiff's rights in the premises, and any decree entered in, for or of defendant, Kemper, to which plaintiff was not a party, would be a nullity as to him. (*Eversdon* v. *Mayhew,* 85 Cal. 8; *Anderson* v. *Baughman,* 7 Mich. 69; *Eversdon* v. *Mayhew,* 24 Pac Rep. 382; *Frisco Land & Irrigation Co.* v. *Rowell,* 80 Cal. 114; *Miller* v. *Hicken,* 92 Cal. 229; *Shere* v. *Larsen,* 22 Wis. 142; *Malbon* v. *Graw,* 46 Pac. 330.)

*Mr. Robert McBride,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

On the 6th day of July, 1892, the Allen Chapel African Methodist Episcopal Church, a corporation created under the laws of Montana, executed to Simeon V. Kemper its mortgage of land to secure the payment of its promissory note of that day for $3,500. On the 15th day of August, 1892, the mortgage was recorded in the office of the county clerk and recorder of Silver Bow county, Montana, in which county the land mortgaged is situate. On the first day of October, 1892, a mortgage purporting to be "between the trustees of the Allen Chapel A. M. E. Church, of Butte City, Montana, party of the first part, and J. W. Shackleton and F. S. Leck, of same place, party of the second part," was made by which "the said parties of the first part for and in consideration of the sum of two hundred and twenty-eight dollars * to them in hand paid by the said parties of the second part * have granted, bargained, sold and conveyed * unto the said parties of the second part, and to their heirs and assigns forever," the land which had been theretofore mortgaged to Kemper. The instrument was declared to be a mortgage to secure the payment of a certain promissory note "executed by the said first parties to the second

parties, which said note is in words and figures as follows,. to-wit:

"$228.00.                          October the first, 1892.

"Six months after date, we promise to pay to the order of J. W. Shackleton and F. S. Leck, two hundred and twenty-eight dollars, at one per cent. interest, from date, per month. Value received.

"SILAS FAGAN,

"Chairman of Trustees of Allen Chapel A. M. E. Church.
"ANDREW HENSON, Secretary."

The attesting clause and subscriptions thereto are as follows:

"In witness whereof, the said parties of the first part have hereunto set their hands and seals the day and year first above written.

"SILAS FAGAN, (L. S.)

"Chairman of Trustees of Allen Chapel A. M. E. Church.
"ANDREW HENSON, Secretary. (L. S.)"

This mortgage was recorded in the office of the county clerk and recorder of Silver Bow county on the 6th day of October, 1893. Leck afterwards assigned his interest as mortgagee to the plaintiff Shackleton. On July 30, 1895, Kemper brought an action against the corporation to foreclose his mortgage. Shackleton was not made a party. A decree of foreclosure was entered on the 4th day of November, 1895, and the property was sold by the sheriff to Kemper. No redemption having been made within six months after the sale, the sheriff on the 6th. day of May, 1896, executed a conveyance of the property to Kemper. Thereafter and on the 2d day of July, 1896, the plaintiff, Shackleton, brought this action to foreclose the mortgage of October 1, 1892, making Kemper and his wife parties and asserting that he has the right to redeem the property, for the reason that at the time the action by Kemper was commenced the plaintiff, Shackleton, had a mortgage of record upon the property executed by the Allen Chapel African Methodist Episcopal Church. The trial resulted in a judgment in favor of the defendants Kemper, but so far as the transcript shows

no determination was made with respect to the rights of the plaintiff as against the corporation defendant. From the judgment in favor of the defendants Kemper, and from an order overruling his motion for a new trial, the plaintiff appeals.

There is but one question presented upon this appeal, or rather the determination of one question in favor of the defendants Kemper will render unnecessary the decision of any other. The question is: Was the record of the mortgage of October 1, 1892, constructive notice to Kemper that the Allen Chapel African Methodist Episcopal Church, a corporation, had mortgaged to Shackleton the land theretofore mortgaged to Kemper? If it was, the plaintiff has the right to redeem; if it was not, then, as against the defendants Kemper, the plaintiff is without any right whatever.

It is not pretended that Kemper had actual notice of the mortgage to Shackleton. The plaintiff bases his alleged right of redemption upon the constructive notice which he contends was imputed to Kemper by the record of the mortgage to Shackleton and Leck. It is provided in Section 1290 of the Code of Civil Procedure, which is substantially Section 358 of the First Division of the Compiled Statutes of 1887, that "no person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the time of the commencement of the action, need be made a party to such action; and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action."

The trustees or directors are the governing or managing agents of a corporation. The president and secretary, when acting within the scope of their authority, are agents of the trustees or directors and of the corporation. Its business affairs must be transacted through agents. The common-law rule that deeds executed by an agent or attorney in fact should be executed in the name of the principal has not been abrogated in

Montana.   The rule, in part, finds expression in Section 1504 of the Civil Code.

The mortgage to Shackleton does not purport to be the deed of the corporation; it is not named as the grantor, nor did it, so far as the instrument discloses, execute or intend to execute the grant.   The mortgage is declared, in terms, to be between the trustees of the "Allen Chapel A. M. E. Church" of the one part and Shackleton and Leck of the other.   The trustees are described as the parties of the first part, and the mortgage recites that it is executed as security for the payment of a promissory note by Silas Fagan and Andrew Henson, chairman and secretary, respectively, of the trustees.   Instead of affixing the corporate seal, the chairman and secretary affixed their own seals, expressly declaring that they do so.   Of course, we do not mean to say that if in the body of the mortgage the corporation appeared to be the grantor, the fact that the persons after subscribing their names used their own seals, or omitted to use any seal whatever, would prevent the instrument from being the deed of the corporation, it not appearing that the corporation was required to attest its action under seal (Section 1963 of the Fifth Division, General Laws, Compiled Statutes of 1887).   Nor do we hold that as between Shackleton and the corporation and persons having notice of the facts, the mortgage might not be upheld in equity upon proof being made that Fagan and Henson were duly authorized to act for the corporation; but this consideration has no weight with respect to Kemper.   Upon its face the mortgage to Shackleton was the act of persons other than the corporation which made the mortgage to Kemper; the record of the Shackleton mortgage could not constitute notice, for the design and purpose of the recording acts are to give notice that the owner, general or special, of the property has conveyed or incumbered it.   The record is notice to purchasers from or under the same grantor, and an instrument executed by a stranger to the title whose authority does not appear of record, is not within the purview of the acts. This seems clear.   (*Hagar* v. *Spect,* 52 Cal. 579 ; Wade on the

Law of Notice, Sec. 205; Devlin on Deeds, Sec. 713.)   The *prima facie* presumption is that the note and mortgage in question were the acts of the trustees, or of Fagan and Henson, and not of the corporation; in order to rebut the presumption evidence would be required.   As being more or less pertinent and as supporting this conclusion we cite: *Taft* v. *Brewster,* 9 Johns. (N. Y.) 334, 6 Am. Dec. 280; *Klopp* v. *Moore,* 6 Kan. 27; *Fullam* v. *West Brookfield,* 9 Allen (Mass.) 1; *Stinchfield* v. *Little,* 1 Mo. 231, 10 Am. Dec. 65; *Brinley* v. *Mann,* 2 Cush. (Mass.) 337, 48 Am. Dec. 669; *Hatch* v. *Barr,* 1 Ohio, 390; *Chamberlain* v. *Pacific Woolgrowing Co.,* 54 Cal. 103; *Richardson* v. *Scot River W. & M. Co.,* 22 Cal. 150; Secs. 5015-5107, Thompson on Corporations.   Since the mortgage to Shackleton was not upon its face the deed of the corporation which granted to Kemper, its inscription upon the county records was without efficacy as notice to Kemper, the holder of the prior mortgage, of any lien upon the land embraced therein, and hence did not charge him with the duty of making Shackleton a party defendant in the action to foreclose the prior mortgage.   It necessarily results that the judgment rendered in the action of Kemper against the Allen Chapel African Methodist Episcopal Church is conclusive against Shackleton.

The judgment and the order denying a new trial are affirmed.

*Affirmed.*