## MATTIE ETTA LESLIE v. G. W. CHASE & SON MERCANTILE COMPANY, Appellant.

### Division One, December 22, 1906.

1. **CHANGE OF VENUE: Two Judges: Necessary Proof Against Other.** Where there are two judges of a circuit court, an application for a change of venue alleging the prejudice of both is as to the one in whose division the cause is pending sustained by the affidavit alone, but the affidavit is not sufficient to disqualify the judge of the other division; as to him there must be satisfactory proof.

2. **————: Agreement Upon Another Judge: His Refusal: Reinstatement of Motion.** Where an application and affidavit for change of venue on account of the disqualification of the judge were made by one of the parties, and was sustained, and the

parties agree upon a judge of another circuit to try the cause, and he appears and of his own motion continues the cause, and departs and thereafter refuses to have anything further to do with the case, the judge to whom the application was made cannot thereafter of his own motion set aside the continuance and of his own motion call up the application and grant a change thereon. Unless the applicant ask that the application be revived, the agreement would be a final disposition thereof.

3. ——: **No Authority: Record Proper: Appeal.** Where the record proper shows on its face that the court had no legal authority to make the order for a change of venue, the order gives the court to which the case is sent no jurisdiction; and if that court acquires jurisdiction, it will only be by virtue of the fact that it is a court of general jurisdiction and the parties without objection submitted to its jurisdiction. But as in this case the defendant objected to the jurisdiction and filed his bill of exceptions, no jurisdiction of him was acquired.

4. ——: **Meaning.** Technically the words "change of venue" mean a change to another county, and formerly in this State and yet, when there is but one judge in the circuit, they mean a change to another county, except when the change is granted on account of the disqualification of the judge, when they mean to another county in another circuit. But where there is more than one judge in the circuit, the party asking for the change on account of the disqualification of the judge gets what he asks for when the change is to another division of the same court. And either of these constructions of the word "venue" is allowable.

5. ——: **In Civil Cases.** The statutes in reference to change of venue in criminal cases are different from those in reference to changes in civil cases in circuits having more than one circuit judge.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED AND REMANDED (*with directions*).

*Thomas F. Ryan* and *Rusk & Stringfellow* for appellant.

The Platte Circuit Court erred in assuming jurisdiction of this cause. The order made by the judge of the Buchanan Circuit Court, purporting to transfer this cause to the Platte Circuit Court, was without authority of law and void and did not confer any jurisdiction upon the Platte Circuit Court. When the Buchanan

Circuit Court sustained the application of the defend-
ant for a change of venue and the parties agreed upon
Judge Burnes, of the Platte Circuit Court, to try said
cause, and he accepted said appointment and proceeded
with the trial of said cause and made an order contin-
uing said cause until the next term of court, he was
then clothed with full authority to try the same and
retained jurisdiction thereof until the final determina-
tion of the cause, and his powers and duties ceased
only at the conclusion of the trial. Therefore, the order
transferring this cause to the Platte Circuit Court is
invalid and without any binding force as against these
defendants. State v. Shipman, 93 Mo. 157; State ex
rel. v. Wear, 129 Mo. 624; State v. Shafer, 36 Mo. App.
691; State v. Spivey, 191 Mo. 108; State ex rel. v.
Smith, 176 Mo. 90; State ex rel. v. Fort, 178 Mo. 518;
Lee v. Power, 75 Mo. 472.

*James W. Boyd* for respondent.

The order made by the circuit court of Buchanan
county on July 3, 1903, granting appellant a change of
venue to the circuit court of Platte county, was with
authority, and was valid. R. S. 1899, secs. 818-820-822
and 833. (1) Judge Burnes, who had been agreed up-
on by the parties as special judge to try the case in the
circuit court of Buchanan county, absolutely refused,
at all times, to do so. He announced in court in person
his refusal to act, and put his refusal in writing and
furnished it to said court before said order was made
by the regular judge of said court. Judge Ramey had
the right to make the order. There was nothing else
for him to do. State v. Silva, 130 Mo. 440; State v.
Hudspeth, 159 Mo. 178; State v. Gillham, 174 Mo. 671.
(2) If there is any error in the action of the court in
respect to a change of venue it was waived by the de-
fendant because no exception was saved and no bill of
exceptions embodying any objection or exception was

made or filed in the circuit court of Buchanan county. Wright v. Kansas City, 187 Mo. 696; State v. Nave, 185 Mo. 133; State v. Lynn, 169 Mo. 671; State ex rel. v. McKee, 150 Mo. 233; Nichols v. Stevens, 123 Mo. 120; Stearns v. Railroad, 94 Mo. 321; Potter v. Adams' Executors, 24 Mo. 161. (3) The order accepting Judge Burnes' refusal to act and changing the venue was made at the same term of the court in which the application was filed. The court could at any time in the same term review its actions and make such orders as would best carry out the court's final view of the matter. (4) The defendant appeared in the circuit court of Platte county, filed its answer on the 17th day of August, 1903, and then went to trial before Judge Burnes, judge of said court, the same judge who declined to act as special judge in the circuit court of Buchanan county. The defendant asked for a change of venue, wanted Judge Burnes to try the case, and he did so. Under no view of the case, can the defendant now be heard to complain of the order changing the venue. (5) The defendant having failed to object or save any exceptions to the order changing the venue in the circuit court of Buchanan county, its right to object, if it ever had any, was lost. The defendant could not go to Platte county and make an objection to an order made in the circuit court of Buchanan county, when it had waived all objections to such order in the circuit court of Buchanan county. (6) In the final bill of exceptions no motion to remand is included or mentioned. If there was a term bill, and it is not included in the final bill of exceptions, nothing in the term bill is included or preserved in the record, and the action of the circuit court of Platte county, if it acted, at the August term, 1903, is not now open to review. Smith v. Baer, 166 Mo. 401; Pace v. Roberts, 103 Mo. App. 668.

VALLIANT, J.—This is a suit for damages for
personal injuries which plaintiff alleges she suffered
through the negligence of defendant. The cause was
begun in the circuit court of Buchanan county, and was
assigned to Division No. 2 of that court. At the May
term, 1903, an order was made and entered of record
in that court transferring the cause to the circuit of
Platte county, where it was tried and a judgment was
rendered in favor of the plaintiff for $5,000, from which
judgment the defendant has appealed.

The first question in the record is as to the validity
of the order of the Buchanan Circuit Court directing
the change of venue to Platte county. On that subject
the record shows as follows:

May 22, 1903, defendant filed a motion in Division
No. 2 of the Buchanan Circuit Court for a change of
venue on the grounds that the judge of that division
was prejudiced against the defendant and that the op-
posite party had an undue influence over his mind. The
motion was in due form and supported by the affidavit
required by statute. On the next day the plaintiff filed
a paper referring to defendant's application for a
change of venue and averring in that connection that
the defendant had an undue influence over the mind of
the judge in Division No. 1 of that court and that for
that reason she could not have a fair trial in Division
No. 1. The paper was signed by the plaintiff's attor-
ney and verified by her own affidavit.

May 23rd an order of court was made and entered
of record in words following, to-wit:

"Comes now the plaintiff by her attorney, and
files motion to not transfer this cause to Division No.
One; come now the parties plaintiff and defendant, by
their respective attorneys, and the motion for change of
venue, heretofore filed herein, is now taken up, consid-
ered by the court, and the same is by the court sus-
tained. And now here the application of plaintiff ask-

ing that this cause be not transferred to the Judge of Division No. One of this court is at this time considered by the court and the same is by the court granted. And now here defendant deposits with the clerk of this court the sum of ten dollars to cover costs of said change of venue, and by agreement of attorneys Hon. A. D. Burnes, Judge of the Fifth Judicial Circuit, is called to try this cause.''

June 19th of the same term Judge Burnes appeared and presiding in the court made the following order in the cause which was entered on the record of the court: ''Now here this cause is by the court continued.'' That is the last appearance, so far as the record shows, of Judge Burnes in the case.

Afterwards, July 3rd, during the same term, the regular judge of that court, Division No. 2, without motion by either party, made an order, which was entered of record, setting aside the order of continuance that Judge Burnes had made and ordered that the venue for the cause be changed to Platte county and transferred it to the Platte Circuit Court. The record says that on July 6th, during the same term, the defendant presented its bill of exceptions to that action of the court, which the court refused to sign, stating as the reason therefor that it was untrue.

When the cause came before the Platte Circuit Court the defendant appeared and moved the court to remand it to the Buchanan Circuit, and in support of the motion filed an affidavit of one of its attorneys in which among other things it was stated that Judge Burnes had accepted the call to try the case and had assumed jurisdiction, had in fact tried the Dakan case, which was a companion case to this, depending on the same state of facts, had heard the arguments of counsel on certain motions common to both cases, and after trying the Dakan case made the order of his own motion to continue this case to the next term and took his

departure, and that at the time the order changing the venue to Platte county was made Judge Burnes was absent from the State, temporarily in Montana. The motion was overruled and exception taken, which was duly preserved in the bill of exceptions. The trial then progressed in the Platte Circuit Court and, as already stated, resulted in a judgment for plaintiff for $5,000.

The order made by the regular judge of Division No. 2 transferring the cause to the Platte Circuit Court is in these words:

"Now at this time this cause coming before the court for further consideration and disposition under the defendant's application for a change of venue, which was made and filed herein on May 22nd, and during this term of this court, which said application for change of venue was partially considered by this court on May 22nd, and then sustained, but at that time no change of venue was granted by the court because the attorneys of both plaintiff and defendant then and there in open court agreed, which agreement was entered of record, that the Hon. A. D. Burnes, Judge of the Fifth Judicial Circuit of this State, might try said cause; and now the parties to the suit being present by their respective attorneys, and it appearing and being made known to this court that the Hon. A. D. Burnes, Judge of the Circuit Court of the Fifth Judicial Circuit of Missouri, has at all times since said agreement between the said attorneys was made and entered of record, on May 22nd, refused and declined to preside or act or sit as judge in said cause, or to proceed with it in any manner, or to try it.

"And the Hon. A. D. Burnes, judge of the said circuit court, doth here now still refuse and decline to act, preside or sit as judge in said cause, or to proceed with it in any manner or to try it.

"Now, therefore, it is ordered that the order made in this court, on June 19th, during this term of court, purporting to be an order continuing this case until the next term of this court, is hereby set aside, disregarded, and for naught held. And it further appearing to this court that the Judge of Division No. One of this court has, during all said time, been disqualified and still is disqualified to sit, preside or try said cause as judge thereof, and that he cannot sit, preside or act as judge therein.

"And it further also appearing to this court at this time that the parties to this suit have declined, failed and refused to agree and have not agreed upon a special judge to sit, preside in and act as judge in said cause; and it further appearing to this court that both parties to this suit have failed and refused to request, have not requested, and do not request the election of a special judge to try the cause; and it further appearing to this court that the plaintiff herein declines and refuses to request the election of a special judge herein, but defendant does request the election of a special judge to try the case.

"It is now hereby ordered that in compliance with the defendant's application for a change of venue heretofore sustained herein, a change of venue be, and the same is hereby awarded to the county of Platte, which adjoins this county, this cause is hereby transferred to the circuit court within and for said county of Platte.'"

From this it will be seen that, although, according to the recital, the parties were present in court by their attorneys, yet neither party was moving the court to take any action in the case and the court based its order solely on the motion for the change of venue which the defendant had filed on May 22nd, and concerning which the order recites that court on May 22nd partially considered "and then sustained," but did not then order

a change of venue because the parties agreed to call in Judge Burnes to try the case.

So far as the parties to the suit were concerned the only reason that either of them asserted for not wishing to try the case in one or the other division of the Buchanan Circuit Court was the alleged prejudice of the judges respectively, one party apprehending that he could not have a fair trial before one of the two judges, the other before the other judge, neither suggested any fear of a fair trial before a jury of their county. After both sides had by their respective motions thus expressed on the record their desires in regard to the venue, they agreed to a solution of the difficulty which satisfied both their demands and that agreement was the end of that controversy; it was the disposal of both motions, it was in effect an agreement to try the cause before Judge Burnes in Buchanan county in lieu of a change of venue as originally asked. Of course, they could not compel Judge Burnes to come to Buchanan county and try their lawsuit, and if he had declined the invitation the cause would have stood on the docket of Division No. 2 of the Buchanan circuit court for further disposal under the regular judge of that court. In such event, if either party, having at that time the right to ask a change of venue, had moved in that direction, the regular judge of that court would have had authority to pass on the motion. The plaintiff had never moved for a change of venue, she had only said in reference to defendant's motion that if a change of venue should be awarded it ought not to be to Division No. 1 of the Buchanan Circuit Court; the defendant alone had moved for a change of venue, and if the right to ask the change had not been lost or abandoned by the agreement to call in Judge Burnes the defendant alone had the right to revive the motion, alone had the right to ask for a change of venue. But so far as we can gather from this record the defendant

not only did not ask it but opposed it, and when the order was made, made a vain effort to get in the record its exception. The order transferring the cause to the Platte Circuit Court starts out with saying that the motion for a change of venue was partially considered on May 22d, and was then sustained, but that the change of venue was not at that time granted because the parties agreed in open court that Judge Burnes should try the case. The recital is a little obscure in its meaning, if not contradictory in its forms of expression: "partially considered," "and then sustained," yet the change of venue, the only thing asked for, was not granted because the parties agreed to another disposition of the motion. Then the order goes on to recite that Judge Burnes "has at all times since said agreement between said attorneys was made and entered of record, on May 22nd, refused and declined to preside or act or sit as judge in said cause, or to proceed with it in any manner or to try it." That recital is contradicted by the court record in the case which shows that Judge Burnes did appear and preside in that court on June 19th and of his own motion made an order to continue this cause to the next term. If therefore the judge made the order transferring the cause to Platte county on the ground stated in the recital he did so under a mistake of fact as the court record shows.

After the above recitals the order transferring the cause to Platte county proceeds to say that Judge Burnes "doth here now still refuse and decline to act," etc. That recital was perhaps intended to mean that Judge Burnes was constructively before the court at that time refusing and declining to act, because on the oral argument before us counsel on both sides concurred in the statement that Judge Burnes was not then actually present in person and the statement of counsel for

appellant, which was not denied, was that he was on a summer vacation in Montana.

Then the order proceeds to vacate and set aside the order of continuance made by Judge Burnes. Then it goes on to recite that the judge of Division No. 1 "has during all said time been disqualified and still is disqualified to sit, preside or try said cause as judge thereof."

It has been decided by this court that when an application for a change of venue is made in due time based on the prejudice of the judge or the undue influence of the other party over his mind and supported by the proper affidavit, the judge to whom it is addressed must grant the petition without further proof of the alleged cause, but that when the application seeks to disqualify some other judge on like grounds it should not be granted without proof to satisfy the judge to whom the application is made that the alleged grounds for disqualification are true. [Guy v. Railroad, 197 Mo. 174.]

It does not appear in this record, from the recitals in the order or otherwise, that there was any trial of that question, but for aught that appears the court took the plaintiff's affidavit as all-sufficient on that point. That the court had no right to do.

Then after reciting that the parties had not agreed on a special judge or agreed to elect one but that the defendant had so requested, the order awards the change of venue "in compliance with the defendant's application for a change of venue heretofore sustained herein." Thus the defendant's motion, which had therefore been disposed of under agreement, was called up by the court *sua sponte* and sustained, not only without request of the defendant, but, in so far as we can discover from the record, against its will.

The agreement of counsel to call Judge Burnes was, for the time being at least, a satisfaction of the

demands of both parties and it was a disposal of the motion, as much so as if it had been in express terms withdrawn. We do not say that, in the event the agreement had failed of its purpose because Judge Burnes had declined the invitation, the defendant would not have had the right to renew his motion for a change of venue or call it up for judgment, but we do say that the agreement itself created a new condition under which the motion was disposed of and that unless the party who made the motion should ask that it be revived because of the failure of the purpose of the agreement, the disposal of the motion by the agreement would be a final disposal, and if the party who made the motion did not see fit to renew it he should be presumed to be satisfied with the condition in which his futile agreement to secure the attendance of another judge had placed him, and in that condition, if he neither asked judgment on his motion nor could agree with his adversary for another judge, or the election of a special judge, the cause would stand for trial before the regular judge of the court as if no motion for a change of venue had been made.

Of course, in such case the defendant could not by mere non-action delay the progress of the cause, if he did not see fit to bring to the notice of the court the fact, if it was a fact, that the judge chosen had declined the invitation, the plaintiff could have done so; unless defendant should then move in the matter at once he would be considered to have abandoned his former motion.

If a circuit court makes an order for a change of venue in a cause pending before it, when, under the circumstances, there was no legal ground for the order, it is error; but unless the record proper shows on its face that the order was without lawful authority the party objecting to it can bring the error to the attention of the appellate court only by a bill of exceptions filed

in the court where the order was made. If, however, the record proper in the court where the order was made shows on its face that the court had no authority to make it, then the order gives the court to which the cause is sent no jurisdiction to try it, and if that court should thereafter acquire any jurisdiction of the cause it would be, not by virtue of that order, but on the ground that it was in itself a court having general jurisdiction over such causes and that the parties to the suit had without objection submitted their cause to its jurisdiction.

In the case at bar the record proper in the Buchanan Circuit Court shows that that court had no right to make the order transferring the cause to the Platte Circuit Court; therefore, the Platte Circuit Court by virtue of that order acquired no jurisdiction to entertain the cause, and the record in that court shows that the defendant did not willingly submit to its jurisdiction but yielded only when compelled to do so.

The act constituting Buchanan county a judicial circuit in itself, giving it two circuit judges and making of it two divisions, was approved April 13, 1889. [Laws 1889, pp. 73-4.] Unlike the statutes in that respect relating to the circuit courts in Jackson county and the city of St. Louis, the act above mentioned does not expressly require a cause to be sent from one division of the court to another when an application for a change of venue is asked on account of supposed disqualification of the judge, but although there is no such express requirement natural justice would dictate that the parties should not be driven to the expense and labor of going to another county when there is no reason for it. Section 3 of the act above mentioned authorizes the transfer of a cause from one division of the Buchanan Circuit Court to the other on agreement of the parties or their counsel or agreement of the judges of that court; therefore, there is no law to forbid such

transfer of causes, but on the contrary it is expressly authorized. We presume that the express requirements of the statutes relating to the circuit court of Jackson county and the city of St. Louis, that in such case the cause be transferred from one division to another, were enacted because the General Assembly apprehended that the word "venue" in that connection might be construed by the courts to mean "county," as in strictness it does, but our courts have not given it that strict construction; we have treated the transfer from one division of a circuit court to another in those circuits where the courts are in divisions as a change of venue. [State ex rel. v. Wofford, 119 Mo. 375; State ex rel. v. Flournoy, 160 Mo. 324; see, also, 4 Ency. Pl. & Pr., p. 375.] The provision for a change of venue as now contained in section 818, Revised Statutes 1899, has been substantially the law of this State from the beginning and was enacted with reference to the general condition of the State, that is, of judicial circuits consisting of one judge each. When there was but one judge in the circuit a change of venue meant a change to another county and when the change was granted on account of the disqualification of the judge it meant another county in another circuit. But when there are two or more judges in the same court and the only ground on which the application for the change of venue is made is the disqualification of the judge of the division in which the cause is pending, the party making the application gets all that he asks for when the cause is sent to another division of the same court and whilst that is not technically a change of venue yet it would be to sacrifice substance to sound to say that it was not virtually a change of venue.

In the case at bar if the application for a change of venue had come on for judgment either originally or after the supposed declination of Judge Burnes, the court, with the regular judge presiding, should have

transferred it to Division No. 1 of the same court unless satisfied by proof adduced that the complaint against the other judge was well founded.

The decisions of this court construing our statutes in reference to changes of venue in criminal cases to which we are referred do not entirely settle the questions we have in this case, because the statutes in reference to changes of venue in criminal cases are different from those we are now considering.

The Buchanan Circuit Court was in error when it ordered that the cause be transferred to the Platte Circuit Court and for that error the judgment of the Platte Circuit Court is reversed and the cause remanded to that court with directions to return the same to Division No. 2 of the Buchanan Circuit Court and directions to the latter to resume jurisdiction of the cause and proceed with it according to law.

All concur.