**REIGEL et al. v. WOOD et al.**

No. 14702—Opinion Filed Jan. 29, 1924.

Rehearing Denied Oct. 14, 1924.

**1. Deeds—Intended Trusts—Duty of Grantee in Confidential Relation—Proper Conveyances.**

If a person standing in a confidential relation with another undertakes to receive a conveyance of real estate from the latter, with the understanding that the conveyance by the grantor is for the purpose of preserving the property for the use and benefit of the grantee and the brothers and sisters, and the issue of a deceased sister of the grantee, and the purposes of the conveyance are made known to the grantee, and the latter undertakes to accept the conveyance, it is the duty of the grantee by reason of standing in the confidential relation to cause the conveyance to be made by such written instruments as will give effect to the purposes and aims of the grantor.

**2. Same—Equity—Treating as Done What Ought to Have been Done.**

The son of the grantor accepting a conveyance under the foregoing conditions and being charged with the duty to cause the preparation of such conveyance and written instruments as will give effect to the aims and purposes of the grantor, if he fails to perform his legal duties in this respect, equity will treat as having been done that which the grantee ought to have done.

**3. Appeal and Error — Sufficiency of Evidence—Equity Case.**

In reviewing an equity case on appeal, this court will examine the evidence and weigh the same. but will not reverse the cause unless the judgment of the trial court is clearly against the weight of the evidence.

**4. Disposition of Cause.**

Record examined; held, to support the judgment of the trial court among the parties in relation to the interests in the real estate, and the accounting made between the parties, except as to the extent of the interest of certain plaintiffs.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by A. J. Wood, R. C. Wood, Ethel LeRoy, Cora Myers, Mary Brown, nee Reigel, Jimmie Venable by his guardian, and Elsworh Reigel, as plaintiff, aganst Geo. E. Reigel, Millie Reigel, Lillie Rockhold, A. B. Rockhold, David Sasser, L. C. Shannon, L. O. Shannon, and Prairie Oil & Gas Company, defendants, for the recovery of certain interest in real estate, and accounting for oil production therefrom. Judgment for plaintiffs and against Geo. E. Reigel, Millie Reigel, Lillie Rockhold, and A. B. Rockhold, from which the defendants have appealed to this court, and from a judgment for defendants David Sasser, L. C. Shannon, L. O. Shannon, and Prairie Oil & Gas Company, plaintiffs, cross-appeal. Modified and affirmed.

William Blake and McCollum & McCollum, for plaintiffs in error.

Creekmore Wallace and Streeter Speakman, for A. J. Wood, R. C. Wood, Ethel LeRoy, Cora Myers, Mary Brown nee Reigel, Jimmie Venable, and Elsworth Reigel, defendants in error.

John P. Hickam, for defendants in error David Sasser, L. C. Shannon, and L. O. Shannon.

T. J. Flannelly, Paul B. Mason, and Burford, Miley, Hoffman & Burford, for defendant in error Prairie Oil & Gas Co.

Opinion by STEPHENSON, C. Jacob C. Reigel was the owner of the real estate and premises involved in this action and by his warranty deed bearing date as of the 28th day of May, 1909, conveyed the same to his son, George E. Reigel. Thereafter, and on March 4, 1911, George E. Reigel, for the recited consideration of $1, conveyed the same land to Millie Reigel, his wife. On the 10th day of May, 1914, Millie Reigel, for the recited consideration of $1, reconveyed the premises in question to George E. Reigel, her husband. Thereafter Lillie Rockhold and Ada Norris the daughters of Jacob E. Reigel, by quitclaim deed bearing date as of September 1, 1914, quitclaimed and conveyed all their rights and interest in the property to George E. Reigel for the recited consideration of $1. The deed further recited that it was the intention and purpose of the grantors to convey such rights as they held in the property as heirs of Jacob C. Reigel. Thereafter and on the 4th day of September, 1914, Geo. E. Reigel and Millie Reigel, by their warranty deed,

conveyed the premises herein involved to A. B. Rockhold and Lillie Rockhold for the recited consideration of $2,500. The latter deed was filed for record in the office of the county clerk of Pawnee county on the 5th day of May, 1915. The preceding deed was so filed for record on the 28th day of April, 1915. The said Jacob C. Reigel died intestate in the year 1910 and left surviving him as his next of kin, Mary Brown, nee Reigel, and Elsworth Reigel, the issue of a second marriage with the sister of Margaret E. McPheeters and George E. Reigel, Ada Norris, nee Reigel, and Lillie Rockhold, the wife of A. B. Rockhold, defendant herein children by the first marriage, and also A. J. Wood, R. C. Wood, and Ethel LeRoy, Cora Myers, and Jimmie Venable, the issue of a deceased daughter of the first marriage. Immediately after the death of the second wife the husband, Jacob C. Reigel placed Mary Brown, nee Reigel, and Elsworth Reigel, his minor children, in the care and custody of Margaret E. McPheeters, his deceased wife's sister. Thereafter, and in the year 1914, Margaret E. McPheeters commenced her action in the district court of Pawnee county, for the use and benefit of Mary Brown, nee Reigel, and Elsworth Reigel against Geo. E. Reigel, who then held title to the premises herein involved in which action it was set forth that Jacob C. Reigel, at the time the plaintiffs were given to the custody of Mrs. McPheeters, agreed with her that if she would take the care and custody of the children that he would cause the premises herein involved to be conveyed to the plaintiff at his death in order for the plaintiffs to have the use and benefit of the property, and apparently the purpose of the action was to recover the premises for the benefit of the two children on the premises as alleged. The plaintiffs further alleged that Geo. E. Reigel then held the property with notice of the agreement between Jacob C. Reigel and Mrs. McPheeters. This cause came on for trial on May 20, 1914, and the minutes of that date merely recite "judgment in favor of the defendants and against plaintiffs." It appears that formal judgment was never entered in the cause or journal entry of judgment filed therein. Apparently the judgment is against the plaintiffs' right to recover the land on the agreement as set forth in the petition. On the 30th day of November, 1915, A. B. Rockhold and Lillie M. Rockhold his wife, executed and delivered their oil and gas lease to the Prairie Oil & Gas Company, herein named as one of the defendants, on the premises involved. Thereafter, and on the 17th day of Novem-

her, 1919, A. B. Rockhold, joined by his wife, executed and delivered their warranty deed to L. O. Shannon, whereby an undivided one-sixteenth interest in the premises herein involved was conveyed to the grantee. On November 17, 1919, A. B. Rockhold, joined by his wife, by their warranty deed conveyed an undivided 1-32nd interest in the premises herein involved to L. O. Shannon. On the 17th day of November, 1919, A. B. Rockhold, joined by his wife, by their warranty deed conveyed an undivided 1-32nd interest in and to the premises herein involved to David Sasser. Thereafter, and on the 17th day of April, 1922 the plaintiffs herein commenced their action against Geo. E. Reigel and his wife and A. B. Rockhold and his wife, Lillie Rockhold, for the recovery of an undivided interest in the real estate herein involved, and for an accounting for certain oil production brought in on the premises in the year 1919. The plaintiffs for their right of action against the defendants alleged that Jacob C. Reigel had become mentally impaired in the year 1909, and feared that Mrs. McPheeters would cause his children trouble and inconvenience in connection with his property after his death. The plaintiffs further alleged that a confidential relation existed between the father and Geo. E. Reigel and that the father intrusted his matters of business with the son and relied on the advice of his son in matters of business. The plaintiffs alleged that while in the impaired mental condition and desiring to so arrange his property that all of his children, and next of kin, might enjoy the benefit of the same equally after his death, he advised with Geo. E. Reigel fully in connection with these matters and advised his son that he desired to convey the property herein involved to Geo. E. Reigel for the use and benefit of his children and next of kin after death, and with such aims and purposes in mind, the property in question were conveyed to said Geo. E. Reigel, and that A. B. Rockhold, who now owns the property, and Lillie Rockhold his wife who was a daughter of the deceased, well knew of all these matters and were not innocent purchasers for value from Geo. E. Reigel. The plaintiffs joined, as defendants in the action, David Sasser, L. C. Shannon, L. O. Shannon, and the Prairie Oil & Gas Company, and rested their right of recovery against these defendants on the notice of the purpose of the grant from Jacob E. Reigel as imparted to these defendants by the case filed in Pawnee county by Mrs. McPheeters and the deeds and quitclaim deeds passing between the defendants Geo. E. Reigel and

wife, and A. B. Rockhold and wife. The defendants joined issue with the plaintiffs by general denial, and also pleaded the judgment rendered in the McPheeters Case as a bar to recovery in this action by Mary Brown, nee Reigel, and Elsworth Reigel. In the trial of this cause judgment went for plaintiffs and against Geo. E. Reigel, Millie Reigel, A. B Rockhold, and Lillie Rockhold for an undivided interest in the real estate herein involved and for an accounting between the plaintiffs and the defendants named. From which judgment the defendants have appealed to this court. Judgment went for L. C. Shannon and L. O. Shannon and Prairie Oil & Gas Company, and against the plaintiffs on a demurrer to plaintiff's evidence, from which judgment the plaintiffs perfected their cross-appeal in this action.

The trial court evidently rested its action in sustaining the demurrer of the defendants on the proposition that the conveyances in the defendants' chain of title did not give notice of the matters set forth in plaintiffs' petition, and the defendants were thereby innocent purchasers for value, as against the plaintiffs' claims. The grantee is not required to take notice of conveyances not within his chain of title or those conveyances through which the purchaser is not compelled to deraign his title. Creek Land & Improvement Co. v. Davis, 28 Okla. 579, 115 Pac. 468; Muller v. McCann et al., 50 Okla. 710, 151 Pac. 621; Perkins v. Cissell, 32 Okla. 827, 124 Pac. 7; Bothin v. Calif. Title & Trust Co., 153 Cal. 718, 96 Pac. 500; Becker v. Stroeher, 167 Mo. 306, 66 S. W. 1083; Gross v. Watts, 206 Mo. 373, 104 S. W. 30; Thompson v. Bowen 87 Ark. 490. 113 S. W. 26; Shackelton v. Allen Chapel A. M. E. Church, 25 Mont. 421, 65 Pac. 428; Prest v. Black, 63 Kan. 682, 66 Pac. 1017. The deeds and McPheeters' suit were not sufficient to put the defendants on inquiry about the matters alleged by the plaintiffs.

The issues of fact and the rules of law applicable in this case were not involved in the trial of the McPheeters Case. Therefore the rule applied in Corrugated Culvert Co. v. Simpson Twp., 51 Okla. 178, 151 Pac. 854 and McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739, denied the judgment as rendered in the McPheeters Case as a bar to the plaintiffs' right of recovery in this case. As between the plaintiffs in this cause and certain defendants herein named, the issues of fact and law were found in favor of the plaintiffs. This case is one of purely equitable cognizance and on appeal, while

this court will examine and weigh the record, the judgment of the trial court will not be reversed unless it be clearly against the weight of the testimony. The soundness of this rule is made very apparent by the record in this cause. The cause for action and the defenses were carefully presented by the attorneys for the respective parties, and the care and fairness shown by the trial judge as evidenced by the record, between and among the parties in the trial of this cause is noticeable. There is a sharp conflict between and among the parties on several points at issue. The court had the parties before it and was able to take into consideration the manner and appearance of the witnesses while testifying, and the interest, or lack of interest, shown by the parties and witnesses in the outcome of the trial. In justice to all parties litigant in this cause we would not feel safe from all the evidence in arriving at conclusions and findings other than those named and found by the trial court. We have carefully examined the record and find that the judgment in favor of the plaintiffs and between all parties to this action is not against the weight of the evidence. The findings and judgment of the court are fairly supported by the record. Weaver v. Drake, 79 Okla. 277, 193 Pac. 45; Black v. Donelson, 79 Okla. 299, 193 Pac. 424; Potter v. Ertel, 80 Okla. 67, 194 Pac. 201.

The record in this cause consists of some 550 pages and it would serve no useful purpose to undertake a general analysis of the record in reaching our conclusions that the judgment of the court is fairly supported by the evidence. In this case the plaintiffs alleged a confidential relation existed between the father and son, and that by reason of the impaired mental condition of the father, and his reliance and confidence in the fairness and ability of his son, in view of his belief that Mrs. McPheeters might occasion his children inconvenience in the division of his property, he desired to convey the property in question to his son for the use and benefit of his children and next of kin after his death. So, in order that his aims and purposes might not be affected and prevented by the action of third parties, the father advised the son of his wishes and desires in this respect and the son evidently consented to take the conveyances on these conditions. The court having found the issue of fact against the son, he occupies the legal status of one who had consented to carry out and perform the wishes expressed by the grantor. When Geo. E. Reigel consented to undertake to carry out the wishes of his father in regard to the disposition of the property herein involved, it became the duty and obligation of Geo. E. Reigel to prepare such instruments and form of conveyance as would give effect to the wishes of the grantor. He certainly cannot occupy the legal status of a person who has consented to perform such conditions and by his failure to do so, assert right in the property against those from whom the conveyance was made. This being an action in equity, the court will treat the things as done which Geo. E. Reigel should or ought to have done in order to give effect to the disposition of the property as expressed and desired by his father. Dunn v. Yakish, 10 Okla. 388, 61 Pac. 926; Allender v. Evans-Smith Drug Co., 3 Ind. Ter. 628, 64 S. W. 558.

The issues and findings of fact in this case come largely within the rule applied in the case of Teague v. Murphy, No. 11557, decided by this court on June 19, 1923, 91 Okla. 116, 216 Pac. 475. Some of the defendants complain of the action of the trial court in refusing to reopen the case for additional testimony for impeachment purposes and to strengthen their defenses, and allege that the denial of this right was prejudicial error. The evidence which the defendants proposed to procure and offer was in its nature cumulative. A request to reopen a case for additional testimony, or to continue a cause for further hearing in order to present additional testimony, is addressed to the sound discretion of the trial court and the action of the trial court will not be disturbed on appeal unless it is made to appear that such discretion has been abused. Federal Life Ins. Co. v. Whitehead, 73 Okla. 71, 174 Pac. 784. The record in this case does not show an abuse of discretion by the trial court in denying the motion. There are a number of other errors assigned for review, but having reached the foregoing conclusions, we do not deem it necessary to consider such error at this time. The evidence and findings of fact as made by the court show that the plaintiffs Mary Brown, nee Reigel, and Elsworth Reigel were each entitled to recover an undivided 1-6th interest in the real estate as against the defendants A. B. Rockhold and Lillie Rockhold, and each the sum of $4,642.30, in the accounting against the defendants. The evidence and the findings of fact show that the other defendants were each entitled to recover an undivided 1-30th interest in the property herein involved, but through typographical error and oversight in the preparation and entry of the formal judgment, it was

ordered that A. J. Wood, R. C. Wood, Ethel LeRoy, Cora Myers, and Jimmie Venable, the issue of a deceased child of Jacob C. Reigel, recover an undivided 1-15th interest in the real estate. In this respect the judgment is modified to allow the plaintiffs last named to recover an undivided 1-30th interest. Evidently through mistake and oversight in the preparation and entry of the judgment, it omitted to show a recovery in favor of Mary Brown, nee Reigel, and Elsworth Reigel each for the sum of $4,-642.30, in accordance with the findings of fact previously made and filed in the cause. The judgment in this respect is modified to allow recovery in the accounting in favor of the two plaintiffs last named each for the sum of $4,642.30 as against the defendants involved in the accounting proceedings. We have examined the evidence and proceedings in connection with the accounting between the plaintiffs and defendants, and find that the conclusions reached by the court are just and equitable among all parties.

Therefore, it is recommended that the judgment as modified be affirmed.

By the Court: It is so ordered.