**EASLEY, Adm'r, et al. v. EASLEY.**

No. 15945—Opinion Filed Oct. 13, 1925.

[Withdrawn, corrected and refiled Feb. 23, 1926.]

Rehearing Denied April 27, 1926.

**1. Trusts—Trust ex Maleficio—Enforcement Against Estate.**

The failure of the father to take the title to real estate in the name of his son, according to an agreement with the latter, where the father receives the money to purchase the land from his son, for such purchase, the breach of the duty creates a trust ex maleficio in favor of the son, which may be enforced against the estate of the father.

**2. Same—Judgment Sustained.**

Record examined; held, that the judgment of the court declaring the plaintiff's interest in the land to be an undivided 31-70ths is not against the clear weight of the evidence.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Cornelius Easley against Ether Easley, administrator of the estate of R. B. Easley, and the heirs at law of the latter, to have a trust declared in his favor in

his deceased father's estate. Judgment for plaintiff, and defendants bring error. Plaintiff files cross-appeal. Affirmed.

J. C. Evans, for plaintiffs in error.

Caruthers & Irwin, for de.endant in error.

Opinion by STEPHENSON, C. Cornelius Easley, who was the son of R. B. and Bertha Easley, deceased, commenced his action against Lula Easley, a subsequent wife of the decedent, and joined in the action the issue of his father by other marriages. The purpose of the suit was to cause a deed of grant of 160 acres of land to his father to be declared a conveyance in trust for the use and benefit of the plaintiff. The plaintiff supposed his right to the relief to rest upon the fact that a certain tract of land was acquired by his parents during their married life in the state of Texas, and was held as community property at the time of the death of his mother; that he inherited an undivided one-half interest in the property through his deceased mother. The father contracted for the purchase of 160 acres in Okmulgee county when the son was about 19 years of age. The father took his minor son into the state of Texas, where his majority rights were conferred upon him by a proper court. Thereafter, the father, joined by the minor son, sold and conveyed the Texas land for the sum of $5,000. The father applied the sales price of the Texas land upon the purchase price of the 160 acres of land in Oklahoma. A Texas attorney, who represented the minor son in the court proceedings, testified in the trial of this cause that the father of this plaintiff stated to him that he owed the son $600 for rents upon the Texas property, and that he was applying the money of the son in the sum of $3,100 to the payment of the Oklahoma farm, and that he was investing the son's money in the Oklahoma land for his use and benefit. At the time the plaintiff commenced this action, there was a mortgage on the south half of the 160 acres to secure the payment of about $1,100. There was a mortgage on the N. W.¼ of the 160 acres to secure the payment of about $2,700. The original purchase price of the 160 acres was in the sum of $10,800.

The court refused to give the deed of conveyance the effect of a deed of trust to secure the payment of $3,700 and treated the plaintiff's right as an undivided 31/70ths interest in the land. The court adjudged the conveyance to the father to be in trust for the use and benefit of the son to the extent of an undivided 31-70ths, subject to the mortgages, and ordered the foreclosure of the

mortgages as superior claims to the plaintiff's undivided interest in the property. The plaintiff moved the court to declare the action of plaintiff to be an equitable claim against the real estate of the father for the sum of $3,100, subject only to the mortgage liens. The court denied the motion of the plaintiff. The defendants have appealed from the judgment of the court allowing a recovery for the plaintiff, and the plaintiff has cross-appealed from the judgment of the court, denying his equitable claim of $3,100 against the 160 acres of land. The plaintiff clearly established the allegations of his petition by sufficient competent evidence. The defendants assign error in that the plaintiff was permitted to testify as to statements made by his deceased father about his intentions to apply the sales price of the Texas land on the purchase price of the Oklahoma land for his use and benefit. The point is not well taken in this case, for the reason that the attorney, who represented the minor son in the Texas court proceedings for conferring majority rights on the latter, testified in support of the allegations of his petition as to the intention of purchasing the Oklahoma land for the plaintiff with the sales price of the son's interest in the Texas land.

The father occupied a confidential and fiduciary relation towards his minor son, and the law required the father to preserve the estate and property interest of the son for the use and benefit of the latter. The father commingled the property of the son with that of his estate, and failed to account to the son for the property, or its value, when he attained his majority in the state of Oklahoma, or at any subsequent time. It is not necessary to consider what effect, if any, the judgment in Texas had on the status of the plaintiff in dealing with his property in Oklahoma. The allegations and proof established that plaintiff was a minor of 19 years, and obedient to the wishes of the father and subject to his will. A confidential relation existed between the father and son to the extent that the son was subject to the will, direction, and influence of the father. This relation between the father and son resulted in the will of the father being substituted for that of the son in relation to the property interest of the son.

This record presents a question different from that presented where the parties are dealing at arm's length in relation to property rights and no occasion exists for one exercising undue influence over the will of the other. If the latter condition existed

and the parties were dealing at arm's length, we would have purely an oral express trust to convey real estate, which would be in violation of the statute of frauds. The confidential relation existing between the father and son in this case removes the question from the application of the statute of frauds. Where a person occupying a confidential relation towards another takes a conveyance in trust from the latter upon an express oral agreement to reconvey or to convey to some designated person by oral agreement, a court of equity will treat the breach of the oral agreement to convey as creating a trust ex maleficio. The trust which is defined as a constructive trust flows from the fraud and deceit of the grantee in accepting the grant in his own name and refusing to reconvey as he promised to do. The right to declare the trust and enforce the agreement to convey grows out of the fraud and deceit practiced by the grantee, which is made possible by the trust and confidence reposed in the grantee by the grantor. Since the trust created through the breach of confidence on the part of the grantee is defined by equity as a constructive trust, the law applicable to the enforcement of an oral express trust to convey real estate does not apply. The court will treat the relations between the parties and the agreement to convey as creating a constructive trust, and give such effect to the same as was agreed to between the parties. Parrish v. Parrish, 33 Ore. 486, 54 Pac. 352; Larmon v. Knight, 140 Ill. 232, 33 Am. St. Rep. 229, 29 N. E. 1116; Pomeroy's Equity Jurisprudence (3rd Ed.) 1055; Brinson v. Brinson (Cal.) 17 Pac. 689; Newell v. Newell, 14 Kan. (star page) 202; Reigel et al. v. Wood et al., 110 Okla. 279, 229 Pac. 556; Teague v. Murphy, 91 Okla. 116, 216 Pac. 475.

The plaintiffs in error submit the proposition that the judgment is contrary to law for the reason that the 160 acres was impressed with the homestead status and was occupied by the family. The answer to this proposition is that the plaintiff's action is for the conveyance to him of an undivided interest in the property held in trust. The right to the conveyance is founded upon the claim that he furnished a portion of the purchase price for the land. The judgment of the court in favor of the plaintiff for an undivided 31-70th interest in the land is not against the clear weight of the evidence. This court will weigh the evidence on appeal in a case of purely equitable cognizance, but will not reverse the same unless it be against the clear weight of the evidence. Tracy v. Norvell, 81 Okla. 94, 196 Pac. 929.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 39 Cyc. pp. 182, 187.