## COLEY v. WILLIAMS.

No. 12707—Opinion Filed March 18, 1924.

**1. Mines and Minerals—Invalidity of Quitclaim Deed to Placer Mining Rights.**

The placer mining laws of the United States are not applicable to the state of Oklahoma, and where a quitclaim deed shows upon its face that the only interest the grantor has in the land sought to be conveyed is that thereafter to be acquired by reason of his previous location of a placer mining claim, such deed is void.

**2. Deeds—Insufficient Description of Land.**

If the description of the land sought to be conveyed is so indefinite as to create a doubt about what property is intended to be conveyed, it must be construed most strongly against the grantor.

**3. Specific Performance—Defense by Grantee—Insufficient Deed.**

In a suit for specific performance the grantee will not be required to accept a deed which contains no adequate description of the land sought to be conveyed.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Harmon County; T. P. Clay, Judge.

Action by J. M. Coley against R. A. Williams. Judgment for defendant, and plaintiff appeals. Affirmed.

A. M. Stewart and Wm. M. Williams, for plaintiff in error.

John H. Myers and R. H. Templeton, for defendant in error.

Opinion by RAY, C. The court directed a verdict for the defendant and upon that verdict entered judgment, from which plaintiff appeals.

The facts, as shown by plaintiff's evidence, are these: January 26, 1911, plaintiff and defendant, while passengers on a passenger train between Hollis and Altus, engaged in a conversation concerning placer mining claims in Red river. The plaintiff represented that he and seven others had staked a placer mining claim in the bed of Red river just below the wagon bridge north of Burkburnett. After some conversation, and at the solicitation of the defendant, the plaintiff agreed to sell to the defendant a one-half interest in his one-eighth interest of that particular placer mining claim for $1,000, and the defendant agreed to pay that amount, to be paid the first day of March thereafter. It was agreed that when plaintiff got home he should prepare a quitclaim deed conveying a one-six-

teenth interest to the defendant and send it to the defendant through the United States mail to Wellington, Tex., the defendant's postoffice address. February 5th he executed a quitclaim deed and sent it to the defendant through the United States mail. About the 3rd of March the defendant returned the deed to plaintiff accompanied by a letter in which he notified the plaintiff that he had learned that the plaintiff did not have anything to sell, and that he declined to accept the deed, and plaintiff commenced this action to recover the $1,000. Following is a copy of the deed sent by plaintiff to defendant, omitting the acknowledgment.

"State of Oklahoma, County of Cotton, ss.

"I, J. M. Coley for a valid consideration has this day quitclaimed in as far as I have the right to quitclaim by virtue of having posted placer mining claim notice, any title that I may acquire under the mining laws of the United States of America to inure to the benefit of R. A. Williams to the extent of an undivided one-sixteenth interest to the mining claim below described from the surveyors notes as follows:

"Beginning at a point on the south bank of Red river, which is the north-west corner of John Deck Survey, thence south fifty-six degrees and thirty minutes east three thousand two hundred thirty-three feet to a point on said south bank of Red river, thence north thirty-five degrees and thirty minutes east two thousand five hundred thirty-three feet to a stake in center of said river, thence up said river north seventy degrees west three thousand three hundred fifty-six feet, to a point in center of said river, thence south thirty-five degrees and thirty minutes west seventeen hundred eighty feet to the place of beginning.

"Witness my hand this the 5th day of February A. D. 1919."

We think this deed void upon its face for two reasons: (1) It proposed to convey only such rights as were acquired under the placer mining laws of the United States, which laws are not and never have been applicable. (2) It does not sufficiently describe the land attemtped to be conveyed.

1. In the case of Oklahoma v. Texas, United States, Intervener, 66 L. Ed. (U. S.) 771, the United States Supreme Court held that the placer mining laws have never been extended to that part of Oklahoma, and said:

"We conclude that this part of the river bed never was subject to location or acquisition under the mining laws,—nor, indeed to acquisition under any of the land laws,—and therefore that these locations

were of no effect, and conferred no rights on the locators or their assigns."

2. The description does not furnish sufficient means of locating and identifying the land. It is not described as being in any section, township, county, or state. It is evident the land lies partly or altogether in Oklahoma. If admitted to record in any county bordering on Red river the description is not sufficiently clear to be notice to subsequent purchasers. Maupin on Marketable Title to Real Estate, paragraph 20, says:

"If there be any doubt about what property a deed conveys, it must be construed most strongly against the grantor. * * *

"But while a defective or ambiguous description may be, in many instances, cured by parol evidence, a purchaser should never be required to accept a conveyance open to that objection, for two reasons: First, because the want of an adequate and precise description of the premises tends to render his title unmarketable and objectionable to future purchasers; and, secondly, because a conveyance, though admitted to record, is not notice to subsequent purchasers, unless the granted premises be therein so plainly and clearly described that a person reading the deed may locate and identify the property therefrom."

Having reached the conclusion that the plaintiff had no right, title, or interest in the property sought to be conveyed, and that, if he had such interest as could be conveyed, the tendered deed was so defective by reason of the insufficient description of the land that the defendant should not be required to accept it, it is unnecessary to consider the other questions presented.

We think the court did not err in directing a verdict for the defendant, and the judgment should be affirmed.

By the Court: It is so ordered.