28 

JAMES S. CONLY, ESTELLE T. CONLY, and LEONARD IACANO,

*vs.*

INDUSTRIAL TRUST COMPANY, a corporation of the State of Delaware, TABASSO HOMES, INC., a corporation of the State of Delaware, and ELIAS E. OTHOSON, Sheriff of New Castle County, State of Delaware.

*New Castle, January 6, 1943.*

*Joseph H. Flanzer* and *Henry W. Bryan,* for complainants.

*William Poole,* of the office of Southerland, Berl & Potter, for respondent Industrial Trust Co.

*Stephen E. Hamilton, Jr.,* of the office of Southerland, Berl & Potter, for respondent Tabasso Homes, Inc.

PEARSON, Vice-Chancellor: The question is whether, after partial payment of the debt for which a mortgage was given, an unrecorded agreement between the mortgagor and mortgagee that the mortgage shall secure the payment of an additional loan (in amount less than the partial payment) is effective to revive or extend the lien of the mortgage to secure the additional loan, as against subsequent judgment creditors without knowledge of the agreement.

In July 1939, Tabasso Homes, Inc. mortgaged a tract of land in Wilmington to Industrial Trust Company to secure the payment of $17,600 loaned by the latter to the former. In March and May 1940, Industrial executed two releases of parts of the tract from the lien of the mortgage for the aggregate consideration of $8,800. Later in May 1940, Industrial loaned Tabasso the further sum of $4,400, and for this received Tabasso's promissory note, which contained a statement that its payment was secured by the above mentioned mortgage. Tabasso also wrote a letter to Industrial acknowledging that the additional loan was so secured. Between August 1940 and April 1941, Industrial executed three other releases of parts of the original tract

from the lien of the mortgage for a total consideration of $8,810. All of the releases were recorded and disclosed that in the aggregate $17,610 had been received by Industrial in consideration for the releases. Industrial applied $17,600 to the payment of the original indebtedness, leaving the note of May 1940 unpaid. Neither the releases nor any other recorded document mention the attempt to extend the lien of the mortgage to secure this note. The releases freed from the mortgage all of the original tract, except one lot of land.

In September and November 1941, complainants recovered three judgments in the Superior Court against Tabasso, in the aggregate principal amount of $1,650. Several other judgments were subsequently obtained against Tabasso by persons not parties to this suit. In an amicable proceeding of *scire facias* on the mortgage, begun in March 1942, a judgment was rendered in favor of Industrial for the sum of $4,400, the amount of the note, with interest from January 1, 1941. A writ of *levari facias,* subsequently issued, directed a sale of the land in satisfaction of the judgment. After the institution of this suit, the sale was stayed.

Complainants contend that since the original obligation for which the mortgage was given has been paid, the mortgage and judgment rendered thereon should be marked satisfied. Industrial urges that as between it, the mortgagee, and the mortgagor, the agreement to extend the lien of the mortgage to secure payment of the subsequent loan is valid, citing authorities discussed in an annotation, 76 *A. L. R.* 574, and 41 *C. J., p.* 466, 1 *Jones on Mortgages,* (*8th Ed.*) §§ 438, 440, *pp.* 561, 562, 564; and that complainants have shown no "superior equity" to give them, as junior lien holders, liens prior to that of the mortgage.

The controversy here is not between the parties to the mortgage. Complainants' subsequent liens on the land are not disputed. The issue is whether the attempt of the

mortgagor and mortgagee to extend the security of the mortgage was effective as against complainants. By statute, the priority of a mortgage is made to depend upon the time of its recording, *Revised Code of Delaware* 1935, § 3684 as follows:

"3684, Sec. 27. Mortgage; Priority of; Lien of; From What Time:— A mortgage, or a conveyance in the nature of a mortgage, of lands or tenements, shall have priority according to the time of recording it in the proper office, without respect to the time of its being sealed and delivered, and shall be a lien from said time of recording it, and not before."

As stated by Chancellor Wolcott in *Winchester v. Parm,* 16 *Del. Ch.* 84, 91, 92, 141 *A.* 271, 275:

"The object of the registry laws in providing for the recordation of an instrument is to afford 'notice of its contents, and of all rights, title, or interests, legal or equitable, created by or embraced within it, to every person subsequently dealing with the subject matter whose interest or duty it is to make a search of the records.' 2 *Pomeroy's Equity Jurisprudence,* 4th Ed. § 649. * * *"

It is elementary that the notice given by the record of a mortgage is limited by its contents. In 1 *Jones on Mortgages,* § 652, *p.* 938, the following appears:

"Extent of the Lien.—The record of the mortgage is notice of an incumbrance for the amount specified in it, or so referred to as to put subsequent purchasers upon inquiry as to the extent of the lien. If it specifies the sum secured, it is notice only to the extent and amount of the debt stated, and can not be enlarged to include any other debts and claims not specified. It is not notice of any claim which is not so specified or referred to. * * *"

Here, the mortgage, as recorded, disclosed that it was given to secure a certain debt in the amount of $17,600, with interest. That was the limit of indebtedness for the payment of which the resultant lien afforded security, in so far as the mortgage gave notice. It contained no indication that it might be employed to secure other indebtedness. Actually, indebtedness in the full amount stated in the mortgage was incurred, and this same indebtedness was paid.

If, when the additional loan of $4,400 was made, Industrial had taken another mortgage as security, it would have been necessary to record such mortgage in order to obtain rights of priority as against third persons. Industrial did nothing to give notice that the mortgagor and mortgagee had agreed to extend the lien of the existing mortgage to secure the additional loan. Indeed, the amounts of consideration stated in the recorded releases indicated that the entire amount of the mortgage debt had been paid. Complainants had no notice, actual or constructive, of the agreement to extend the security of the mortgage to include the note of May 1940. Accordingly, complainants' liens, incident to their judgments, are superior to any rights of Industrial under the mortgage as modified by the agreement. *St. Andrew's Church v. Tompkins,* 7 *Johns. Ch.* (*N.Y.*) 14; *Battle v. Jennings Naval Stores Co.,* 74 *Fla.* 12, 75 *So.* 949; *Balch v. Chaffee,* 73 *Conn.* 318, 47 *A.* 327, 84 *Am. St. Rep.* 155; 1 *Jones on Mortgages,* § 440, p. 563.

However, Tabasso, the mortgagor, concedes the right of Industrial to treat the mortgage as security for the note. It would, therefore, seem proper that the relief to be granted should not only assure to complainants their prior rights, but also safeguard any rights Industrial may have after complainants' demands have been satisfied. The parties may suggest a form of decree appropriate under the circumstances.

A decree accordingly will be advised.