STATE of Oklahoma ex rel. The DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Plaintiff in Error,

v.

D. W. ALLISON and Ollie Allison, Defendants in Error.

No. 39521.

Supreme Court of Oklahoma.

June 19, 1962.

Thomas N. Keltner, Oklahoma City, for plaintiff in error.

Wise & Ivester, Sayre, for defendants in error.

JACKSON, Justice.

Defendants D. W. and Ollie Allison owned a 300 acre farm near Elk City, Oklahoma, through which the Highway Department desired to obtain right of way for the purpose of constructing a limited access highway. After unsuccessful negotiations, the Highway Department, as plaintiff, began condemnation proceedings. Commissioners were appointed pursuant to law, and they set the damages of defendants at $13,006.50. Both parties then demanded trial by jury. The jury fixed the damages at $16,500.00, and the Highway Department appeals.

The petition in the case described the lands to be taken (19.59 acres) by metes and bounds, "together with all abutters rights, including all rights to access from the remaining portion of defendants' land onto the limited access highway to be constructed on the above described property, including all rights to light, air or view therefrom".

During the course of trial, and over the Department's objections, the trial court permitted testimony to go to the jury to the effect that the value of "sign rights" (the right to lease property adjacent to the new highway for the purposes of placing signs or billboards thereon) was $500.00 per year for an indefinite period. Thereafter, there was repeated reference to such rights, and there was pointed reference to such in the closing argument of defense counsel.

On appeal, the Department's first proposition is that the court erred in admitting the evidence as to the value of the so-called "sign rights". It insists that there was never any intention to appropriate "sign rights" along the new highway, even if such could have been done in a condemnation proceeding.

This argument must be sustained. The right to "access, light, air or view" constitutes "abutters rights" which are now recognized in most jurisdictions. See 18 Am.Jur. Eminent Domain, Sections 181 through 185; and 39 C.J.S. Highways § 141. These rights are in the nature of easements belonging to the owners of property abutting public highways, and they exist regardless of whether the State owns the fee of the highway, or merely an easement therefor. 29 C.J.S. Eminent Domain §§ 105, 122, 133a and 167. It is said in the last cited section that "The easements of light, air, view, and access have only a nominal value apart from the abutting property, the real injury suffered by the owner lying in the effect produced on his abutting lands by the wrongful interference with the easements, and their value is measured not

by the value of the easements separately but by the damage which the property sustains in consequence of their loss". It would thus seem that, in a condemnation proceeding in which abutters rights—the rights of "access, light, air or view"—are being taken, the loss of such rights should be considered in connection with a determination of the amount of damages resulting to the abutting property not being condemned.

Thus it will be seen from plaintiff's petition it sought to foreclose any right that defendants might have under the law to access to the highway from defendants' adjacent lands, and it sought the additional right to erect such structures and to make such fills upon the land taken (19.59 acres) as might be considered necessary or desirable even though such structures and fills might obstruct defendants' view across the highway; might obstruct the flow of air across defendants' lands not taken; and the structures might cast shadows upon defendants' lands not taken. In other words the plaintiff in suing for all "abutters rights" was concerned with what it might do upon the 19.59 acres taken and not with what defendants might do upon the land not taken.

█ It is clear that "sign rights" are not included within the meaning of "abutters rights" or "rights to light, air or view" which were being appropriated by the State in this case. It was therefore error to permit the introduction of evidence as to the value of "sign rights".

Defendants argue in effect that such testimony was not prejudicial to the Department, but we cannot agree. As previously noted, there were several references to "sign rights" during the course of trial; their value was set at $500.00 per year by defendants' witness without any limitation as to the number of years. During closing argument of defense counsel, he suggested that $5000.00 would not be an unreasonable compensation for their loss, calling attention to the "$500.00 per year" and choosing an arbitrary limit of 10 years.

█ In this state of the record, we hold that the Department was prejudiced by the evidence erroneously admitted. It went to the principal issue in the case—the amount of damages—and permitted the jury to consider an item, purportedly of substantial value, which was in no way involved.

█ Where, over proper objection, incompetent evidence is introduced which is prejudicial to the complaining party, the admission of such evidence constitutes reversible error. Atchison, T. & S. F. Ry. Co. v. Aynes, Okl., 271 P.2d 312, 46 A.L.R. 2d 930.

In view of the conclusion reached above, it is unnecessary to discuss the remaining propositions urged by the Department on appeal.

The judgment is reversed and the cause remanded with directions to grant plaintiff in error a new trial.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON, and BERRY, JJ., concur.