**STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Petitioner,**

v.

**E. L. GOSSELIN and Queenie Gosselin, husband and wife, Respondents.**

**No. 44943.**

Supreme Court of Oklahoma.

Feb. 1, 1972.

Thomas N. Keltner, Chief, Legal Div., Robert D. Baron, Atty., Legal Div., Oklahoma City, for petitioner.

McClelland, Collins, Sheehan, Bailey & Bailey, Oklahoma City, for respondents.

JACKSON, Justice:

The question for decision has arisen in an action in condemnation by the State Highway Commission against Gosselin and wife as defendants. The question will be more clearly understood if we first state the facts.

In 1950 Peppers and wife owned the land in question and executed a 5.4 acre right-of-way easement to Oklahoma County for the construction of a portion of U. S. Highway No. 66 at a point immediately west of its present intersection with Interstate Highway No. 35. The easement was given upon the condition that the highway would be constructed and "especially with access drives marked one and two" from the remainder of the tract to the limited access highway as shown on a plat which was attached to the easement.

In 1954 Henderson and wife owned the land (approximately 20 acres) and on June 2, 1954, sold this land to the Gosselins (defendants herein) "Except an Easement to Oklahoma County, Oklahoma," as shown of record.

In 1969 plaintiff, Department of Highways of the State of Oklahoma, filed this action against the Gosselins to condemn a strip of land (1.37 acres) along the north side of the 5.4 acre easement for the purpose of constructing a service road between Highway No. 66 and the remainder of the Gosselin tract. By its petition the Highway Commission seeks to take title to 1.37 acres "together with all abutters rights, including all rights to access from the remaining portion [approximately 12.02 acres] of defendants' land onto the LIMITED ACCESS HIGHWAY * * * except, that defendants, their heirs, successors or assigns, shall have the right to access from the remaining portion of their property onto a service road to be constructed between said property and the LIMITED ACCESS HIGHWAY."

Commissioners were appointed to appraise the value of the 1.37 acres to be taken and the damages and injury to the remainder of defendants' real estate by reason of the proposed highway facility. The State Highway Department filed exceptions to the report of the Commissioners (later abandoned) and also filed a demand for jury trial. Defendants did not file exceptions to the report of the Commissioners, but did file a demand for jury trial. On applications of defendants the trial court directed the court clerk to disburse the commissioners' award to the defendants.

In 1971 after the case was set for jury trial the Highway Department learned that the defendants were planning on presenting evidence to the jury that the consideration for the 5.4 acre easement had failed because they, the Gosselins, had never been permitted access from the land to the Limited Access Highway and that the issue to be tried should be the value of 6.77 acres (1.37 acres plus 5.40 acres) taken, plus damages to the remainder of the tract not taken.

At this point in the proceeding the State Highway Department filed a motion in limine to exclude the 5.4 acre easement from the consideration of the jury. The trial court overruled this motion and we granted certiorari for reviewing the trial court's certified interlocutory order pursuant to 12 O.S.Supp.1968, § 952(b) (3), and Rules 1.50 et seq., of the Rules on Perfecting a Civil Appeal, 12 O.S.Supp.1970, page 333.

The trial court's order denying the motion in limine states in part:

"The plaintiff advised the Court that it believed the only issue to be tried in this case should be the value of the 1.37 acres of land it is taking under its petition herein as specified therein, and the damage, if any, to the remaining 12.02 acres of defendants' land.

"The defendants then advised the Court that they contend the issue to be tried in this case should be the value of 6.77 acres of land taken and damages, if any, to the remaining 12.02 acres of defendants' land. The defendants contended that the easement * * * had failed due to failure of the plaintiff to comply with the provisions of it, that the 5.40 acres thereunder reverted to the defendants, and that said 5.40 acres should also be considered as being taken by the plaintiff in this action."

Plaintiff's pleadings do not include the 5.4 acre easement. The defendants filed no exceptions to the report of the Commissioners and have filed no other pleading of any nature, other than to demand a jury trial. The eminent domain statutes, so far as we have been able to determine, make no requirement that a defendant file any pleading but authorizes objections to the report of the Commissioners.

However, in this case the defendants are seeking reverse condemnation of the 5.4 acres without following statutory procedures prescribed for such purposes. We have held that the statutory method for invoking reverse condemnation in order for a landowner to be compensated for lands taken by the state is exclusive. Sweeney v. Dierstein, 170 Okl. 566, 41 P.2d 673. Wentz v. Potter, 167 Okl. 154, 28 P.2d 562. Those cases are based upon the proposition that the state cannot be sued without its consent, and that where the Legislature has provided the procedure to be followed such procedure is exclusive. The basis for those decisions serves to distinguish them from Consolidated Gas Service Co. v. Tyler, 178 Okl. 325, 63 P.2d 88. Whether the Highway Department may waive the statutory procedures in reverse condemnation is not an issue in this case and is not decided.

■ We conclude that the trial court erred in overruling plaintiff's motion in limine.

Defendants now contend in their brief, contrary to the trial court's order denying the motion in limine, that:

"Plaintiff filed its Motion in Limine to exclude any evidence pertaining to said easement or of the 5.40 acres described therein. It was and is the defendants' contention that the easement was given for the sole consideration of ingress and egress to the highway to be constructed and that this was denied and although these defendants claim no right, title and interests as in the 5.40 acres of land, they do claim a right, title and interest as to the rights of ingress and egress which were reserved by the grant-

ors as part of the remaining land and which defendants purchased from the grantors.

\*   \*   \*   \*   \*   \*

"The only reason for the showing of the original easement is to show the rights of ingress and egress of these respondents, and the value placed upon these rights and to show that the petitioner has never obtained any rights to this property because of failure of consideration."

The question now sought to be presented by the defendants is not the question certified to us by the trial court. For that reason, and for the reasons urged by the plaintiff, we have concluded not to reach that question. However, in order not to mislead the trial court we think it is appropriate to observe that plaintiff's petition puts in issue the access rights of the defendants from Highway 66 to their land not taken, as an element of damages. Defendants seem to contend that the Highway Department went into possession of these access rights several years ago and took title by appropriation equivalent to title by condemnation. City of Shawnee v. Robbins Bros. Tire Co., 134 Okl. 142, 272 P. 457; Colclazier v. Simpson, 103 Okl. 232, 229 P. 1054; Peckham v. Atchison, T. & S. F. Ry. Co., 88 Okl. 174, 212 P. 427; Vinson v. Oklahoma City, 179 Okl. 590, 66 P.2d 933; and St. Louis & S. F. R. Co. v. Mann, 79 Okl. 160, 192 P. 231. If evidence is offered in this connection the easement would be pertinent to show the extent and location of the access rights retained.

The case is returned to the trial court with instructions to vacate the order overruling plaintiff's motion in limine, to sustain the motion in limine, and proceed with the trial.

DAVISON, V. C. J., and WILLIAMS, IRWIN, HODGES, LAVENDER, McINERNEY and BARNES, JJ., concur.

