1999 OK CIV APP 124

### RED ROCK DISTRIBUTING COMPANY, Appellant,

v.

### STATE of Oklahoma ex rel. Brenda RENEAU, Labor Commissioner of the Oklahoma Department of Labor; Oklahoma Department of Labor; and, Brenda Williams, Appellees.

No. 91,992.

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 21, 1999.

Kieran D. Maye, Jr., Andrews Davis Legg Bixler, Milsten & Price, Oklahoma City, Oklahoma, for appellant.

Ted D. Rossier, Assistant General Counsel, Oklahoma Department of Labor, Oklahoma City, Oklahoma, for appellee Labor Department.

Raymond L. Vaughn, Jr., Edmond, Oklahoma, for appellee Williams.

*OPINION*

STUBBLEFIELD, P.J.

¶1 This is an appeal from order of the district court affirming a determination of

the Oklahoma Department of Labor that an employee was entitled to certain fringe benefits after she voluntarily terminated her employment. After a review of the record on appeal and applicable law, we affirm.

¶2 Employee Brenda Williams filed a wage claim form with the Oklahoma Department of. Labor seeking unpaid commissions and vacation pay that she claimed had accrued prior to her voluntary termination of employment with Employer Red Rock Distributing Company. She stated that Red Rock had paid her weekly salary but had refused to pay her commissions earned from February 1 through February 17, 1997, during which time she was still employed. She also asserted that Red Rock had not paid her for two weeks accrued vacation time to which she was entitled on January 1, 1997. She also sought compensation for unused personal days.[1]

¶3 Red Rock asserted that Williams' voluntary termination extinguished any entitlement to those benefits based on a company policy of employment that employees who "voluntarily resign their position forfeit all earned but unused benefits at the time that their notice is tendered."

¶4 After hearing, the Administrative Law Judge (ALJ) found that Williams' claims met the definition of wages set forth at 40 O.S.1991 § 165.7, and that Red Rock did not contest the specific amount claimed by Williams—$1,800. It found Williams was entitled to both the commissions and vacation pay because Red Rock had not contracted effectively with Williams regarding the forfeiture provision. The ALJ found the policy of Red Rock was not applicable to Williams, stating:

7. Based upon the evidence and testimony presented at this hearing, this Court finds. a compensation policy and benefits policy existed as part of [Williams'] employment agreement with [Red Rock]. The written policy ... is not a policy unless the company provides notice of the policy to its employees. See, *Energy and Environmental Services, An Oklahoma Employer, Oklahoma Department of Labor*, Case No. 9601036, September 20th, 1996.

8. [Williams] had no knowledge of the written policy of Red Rock prior to leaving the company. Further, [Red Rock Owner] could not state that [Williams] had ever been given a copy of any written policy of Red Rock. This Court finds as a matter of law, based on the actual policy practice by [Red Rock], [Williams] is entitled to wages claimed in the amount of $1,800.00....

The ALJ noted that Williams had asked for a copy of the written policies regarding employment, but one was not provided. Finally, the ALJ found that Williams was aware of two other Red Rock employees, neither of whom had received a copy of the written policies, who had received benefits and commissions when they left the employ of Red Rock. Pursuant to 40 O.S.1991 § 165.3(B), the ALJ awarded liquidated damages in the same amount as the wages and ordered Red Rock to pay $3,600 to Williams.

¶5 After its motion for rehearing was denied, Red Rock appealed to the District Court of Oklahoma County, which affirmed the order of the ALJ. Red Rock now seeks review in this court.

¶6 Pursuant to 75 O.S.1991 § 322(3), this court "shall affirm the order and decision of the agency, if it is found to be valid and the proceedings are free from prejudicial error to the appellant." *City of Bixby v. State ex rel. Dep't of Labor,* 1996 OK CIV APP 118, ¶4, 934 P.2d 364, 367. An agency order may be set aside, modified or reversed only if the substantial rights of the "petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions," are:

(a) in violation of constitutional provisions; or

(b) in excess of the statutory authority or jurisdiction of the agency; or

(c) made upon unlawful procedure; or

(d) affected by other error of law, or

(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence ....

Section 322(1).

¶7 Red Rock states two contentions of error, which may be summarized as the

1. Williams' claim for personal days was dismissed.

single proposition that the trial court erred in affirming the agency decision because the ALJ erroneously found dispositive the fact that Williams did not receive its written policies of employment. Red Rock cites *Dangott v. ASG Industries, Inc.*, 1976 OK 131, 558 P.2d 379, in support of the contention that actual delivery of the written policies to Williams was not necessary to form a contract. However, we do not find *Dangott* applicable to the facts of this case.

¶ 8 In that case, an employer attempted to avoid payment of severance pay, claiming that its directive establishing severance pay was never given to its employees, and, therefore, the provision never became a part of the employment contract. The Oklahoma Supreme Court rejected that contention pointing out that the directive drafted by the employer was published by promulgation to supervisory parties who were to impart the information to employees. Thus, the high court found the severance pay provision had been published and became a contractual condition for the employee's continued employment. The court reinstated the employee's contractual claim for severance pay.

¶ 9 Herein, Red Rock attempts to avoid liability based on Williams' purported constructive knowledge of the fact that Red Rock had written provisions dealing with termination of employment. However, it did not substantially dispute that Williams was never told of the specific provision regarding forfeiture of accrued benefits on termination or given a written copy of the policy, although she had asked for one. Further, referring to the general written policies of employment, Red Rock claims Williams' "admitted knowledge of the existence of the policies ... is equivalent [to] constructive knowledge of the content of those policies." We reject this argument.

¶ 10 Because there was no statutory filing herein, there is no notice implied or presumed in law, and it is not a situation of constructive notice. *See Black's Law Dictionary* 958 (5th ed.1979). What Red Rock is actually claiming is "implied notice" based on Williams' knowledge that written policies did exist regarding vacation and commissions. *See Charles v. Roxana Petroleum Corp.*, 282 F. 983 (8th Cir.1922), *cert. denied*, 261 U.S.

614, 43 S.Ct. 361, 67 L.Ed. 827 (1923). However, the rule of "[i]mplied notice" deals with a presumption of fact, relating to "what one can learn by reasonable inquiry." *Id.* at 988. The doctrine simply has no viability in an instance where, as here, the evidence supports a conclusion that Williams may have known of the existence of written employment policies, but her reasonable attempt to obtain a copy of the written document was ignored or denied by Red Rock.

¶ 11 Accordingly, we conclude the "reliable, material, probative and substantial competent evidence," section 322(1)(e), supports the conclusion that the policy claimed by Red Rock to negate Williams' rights to accrued commissions and vacation pay was not published to Williams. Therefore, the ALJ's conclusion that no contract provision existed whereby Williams would forfeit payment for earned commissions and accrued vacation days is not clearly erroneous. Accordingly, the appealed decision must be affirmed.

¶ 12 AFFIRMED.

BOUDREAU, V.C.J., and REIF, J., concur.