RIVERBEND LAND v. STATE ex rel. OKLAHOMA TURNPIKE AUTHORITY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:RIVERBEND LAND v. STATE ex rel. OKLAHOMA TURNPIKE AUTHORITY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 RIVERBEND LAND v. STATE ex rel. OKLAHOMA TURNPIKE AUTHORITY
2019 OK CIV APP 31
443 P.3d 588
Case Number: 116579
Decided: 08/10/2018
Mandate Issued: 06/19/2019
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2019 OK CIV APP 31, 443 P.3d 588

 

RIVERBEND LAND, LLC, Plaintiff/Appellant,
v.
STATE OF OKLAHOMA, ex rel. OKLAHOMA TURNPIKE AUTHORITY, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE PATRICIA G. PARRISH, TRIAL JUDGE

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

Kraettli Q. Epperson, Maris A. Skinner, MEE MEE HOGE & EPPERSON PLLP, Oklahoma City, Oklahoma, for Plaintiff/Appellant

Phillip G. Whaley, Grant M. Lucky, RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC, Oklahoma City, Oklahoma, for Defendant/Appellee

DEBORAH B. BARNES, PRESIDING JUDGE:

¶1 In this quiet title action, Riverbend Land, LLC (Riverbend) appeals from an order of the district court granting summary judgment to State of Oklahoma, ex rel. Oklahoma Turnpike Authority (OTA). Based on our review of the summary judgment record and the applicable law, we reverse and remand for further proceedings.

BACKGROUND

¶2 Mamosa Properties, L.L.C. and Shana, L.L.C. (collectively, Mamosa) acquired title to certain tracts of land by warranty deed on December 30, 1997, from Property Enterprises Corporation. This property was subsequently conveyed to Expert SWC Rockwell Memorial, LLC (Expert) in 2007.[1] On November 6, 2009, by special warranty deed and corrected warranty deed, Riverbend acquired certain real property from Expert that had been conveyed to Expert by Mamosa. Two tracts of land were conveyed to Riverbend, but only one tract, consisting of approximately 7.34 acres, is the subject of Riverbend's quiet title action.[2]

¶3 Prior to Expert's and Riverbend's acquisition of the subject property, in November 1998, Mamosa conveyed to OTA by general warranty deed the following described property "together with abutter's rights, if any, to wit:"

 

A tract of land in the NE¼ of Section 17, T-13-N, R-4-W, I.M., Oklahoma County, Oklahoma, being more particularly described as;

Beginning in the NE Corner of said NE¼ (NE Corner being a PK Nail w/Tag); Thence S 00°19'07" E on the East Line of said NE¼, a distance of 886.72 feet to a point; Thence S 89°40'53" W, a distance of 33.00 feet to a point; Thence N 03°30'05" W, a distance of 725.53 feet to a point; Thence N 86°07'52" W, a distance of 2000.02 feet to a point; Thence N 00°08'41" E, a distance of 33.00 feet to a point; Thence S 89°51'19" E, a distance of 2067.76 feet to the Point or Place of Beginning.

Containing 245,748.76 square feet or 5.64 acres more or less, of new right-of-way, the area included in the above description being right-of-way occupied by the present turnpike, together with all abutters rights, including access from the remaining portion of the grantors land onto the LIMITED ACCESS TURNPIKE to be constructed on the above described property, except that the grantors, their heirs, successors or assigns, shall have the right of access to the Section Line Road, along the East side of the above described property, beginning at a point on the East Line of the NE¼ a distance of 486.70 feet South of the NE Corner of said NE¼ and extending South, also except that the grantors, their heirs, successors or assigns, shall have the right of access from the West 1673.95 feet of the NE¼ onto the frontage road to be constructed between said property and the LIMITED ACCESS TURNPIKE, also except that the grantors, their heirs, successors or assigns, shall not have the right of access onto a frontage road to be constructed between said property and the LIMITED ACCESS TURNPIKE beginning at the NE Corner of said NE¼ and extending West 1071.09 feet on the North Line of said NE¼ and beginning at the NE Corner of said NE¼ and extending South 412.22 feet on the East Line of said NE¼[.][3]

¶4 Riverbend initiated the present action because OTA claims the abutters rights to portions of the 7.34 acre tract through the 1998 OTA/Mamosa Deed. In 2016 Riverbend attempted to sell the subject land to a third party, but that sale did not occur because of OTA's claim. It is undisputed that the title insurance companies used by Expert, Riverbend, and the prospective purchaser did not disclose OTA's claim to the abutters rights. Riverbend filed a motion for summary judgment in which, among other arguments, it claims it is a bona fide purchaser for value and had no notice ( actual or constructive ( of the OTA/Mamosa Deed.

¶5 Riverbend argues nothing in the deeds or in its chain of title states the grantors' "Express Reservation of the Riverbend Lands Abutters Rights."[4] It argues, neither Mamosa nor Expert "reserved" the abutters rights in the Mamosa/Expert Deed or the Expert/Riverbend Deed. Riverbend argues the abutters rights are a part of the fee simple title it acquired through the Property/Mamosa Deed, Mamosa/Expert Deed (and correction deed) and Expert/Riverbend Deed (and correction deed), and "such . . . Riverbend Lands Abutters Rights were neither expressly reserved by Riverbend's predecessors in title (i.e., Property, [Mamosa], and Expert), nor conveyed of record to the OTA." Consequently, it argues, Riverbend acquired the entire fee simple interest in the subject property including the abutters rights.[5] Riverbend further contends that unless OTA can "show a conveyance to it including the specific legal description . . . describing (the remaining portion of the grantors land) . . . that would have covered the related Riverbend Lands Abutters Rights . . . such rights were not conveyed to OTA."

¶6 Further, Riverbend argues, it cannot be held to have had constructive notice of the OTA/Mamosa Deed because neither the legal description for the entirety of Mamosa's "remaining portion" of land nor the legal description for Riverbend's 7.34 acre tract was specifically described in the OTA/Mamosa Deed. It argues 16 O.S. 2011 § 16[6] and 19 O.S. 2011 § 298[7] require a specific legal description to impose constructive knowledge on a subsequent bona fide purchaser for value. Further, 16 O.S. § 15 provides in pertinent part: "no deed . . . or other instrument relating to real estate . . . shall be valid as against third persons unless acknowledged and recorded as herein provided." (Emphasis added.)

¶7 Riverbend argues that what was conveyed by the OTA/Mamosa Deed was the 5.64 acre tract of land described by a specific legal description in what it labels as "Tract 1" and set forth in the first paragraph of that deed.[8] Riverbend asserts that in the second paragraph of that deed there is some further description of Tract 1 in the first clause of the first sentence, but further argues that the rest of that sentence references what it labels as "Tract 2" through the following language:

together with all abutters rights, including access from the remaining portion of the grantors land onto the LIMITED ACCESS TURNPIKE to be constructed on the above described property[.][9]

¶8 It is Tract 2, Riverbend argues, that has no legal description of "the remaining portion of the grantors land" but is alleged by OTA to be the real property from which some of the "bundle of rights" of that real property -- that is, the abutters rights -- have been conveyed to OTA in the OTA/Mamosa Deed.

¶9 Riverbend does not deny that it and Expert have some "common owner." "[B]ut," it argues, "such fact is irrelevant and immaterial to the issue in front of this court: Did the indefinite phrase[] 'remaining portion of the grantors land' give a third party notice of a specific claim of real property interest? The vague description would be impossible to locate and is invalid." It further argues, "What is at issue is the adequacy of the [OTA/Mamosa Deed's] language concerning the land whose abutter's rights are at issue" -- "vague legal descriptions are inadequate to give constructive notice to third parties."

¶10 Thus, Riverbend argues it did not have constructive notice even though the OTA/Mamosa Deed was filed of record and predates the Expert/Riverbend Deed. "[T]he existence and the recording of [the OTA/Mamosa Deed] is irrelevant and immaterial," it argues, because the OTA/Mamosa Deed "fails to adequately describe the lands being stripped of such abutter's rights." "Again, the only question in front of this court . . . is whether the 'remaining portion of the grantors land' phrase is specific enough to constitute constructive notice."

¶11 In its response in opposition to Riverbend's motion, OTA argues, among other things, that Riverbend had constructive notice presumed in law pursuant to 16 O.S. 2011 § 16.[10] OTA argues the OTA/Mamosa Deed was accepted for recording by the county clerk and was filed of record for more than ten years prior to the Expert/Riverbend Deed. It asserts that deed describes both "the 5.64 acres of real property purchased by OTA" and "describes that OTA, together with real property purchased, also acquired the grantor's abutters rights, including access from the 'remaining portion of the grantor's land' onto the limited access turnpike[.]" OTA argues that deed also contained exceptions such that "grantors were given access at specifically described areas along Rockwell and what is now Memorial Road[.]" The OTA/Mamosa Deed also excluded from OTA limits of no access certain "remaining portions of the grantors land," including along the east side of the right of way conveyed to OTA "beginning at a point on the East Line of the NE¼ a distance of 486.70 feet South of the NE Corner of said NE¼ and extending South" -- land that encompasses part of the subject property later conveyed to Riverbend. Thus, OTA argues it is "absurd to suggest that you can't figure out where the property that is going to be blocked access here from [the OTA/Mamosa Deed]." OTA, therefore, contends Riverbend is presumed in law to have constructive knowledge of the OTA/Mamosa Deed and its provisions pursuant to 16 O.S. 2011 § 16.

¶12 Additionally, OTA argues Riverbend had record notice of the OTA/Mamosa Deed because that deed is in the chain of title of Riverbend's 7.34 acre tract. It asserts "Riverbend erroneously here seeks to limit chain of title to only those conveyances made to the successive holders of record title, while ignoring conveyances by the holders to persons other than successors." OTA argues that while "a purchaser of real estate is not bound to take notice of registered liens or deeds created or executed by any person other than those through whom he is compelled to deraign his title,"[11] a "purchaser (like Riverbend) is charged with notice of all deeds created or executed by the successive holders of record title through which the purchaser acquires his/her interest (like Mamosa)." Having such record notice, OTA contends, Riverbend is presumed to have had notice of the entirety of the deed's provisions and, thus, was on notice of the blocked access areas, or is at least on notice that further inquiry was needed.

¶13 The trial court granted summary judgment to OTA finding Riverbend was not a bona fide purchaser for value because it had constructive knowledge of OTA's rights in the subject property. The trial court's judgment implicitly determined the OTA/Mamosa Deed was within the chain of title in the Mamosa/Expert Deed and subsequent Expert/Riverbend Deed. The trial court found the 7.34 acre tract "acquired by Riverbend was previously owned by Mamosa from 1997 until 2007, and was a part of the NE/4 owned by Mamosa at the time of the [OTA/Mamosa Deed] and was adjacent to the 5.64 acre tract of real property . . . Mamosa conveyed to [OTA] in 1998 through the [OTA/Mamosa Deed]." The court determined "Riverbend was thus put on constructive notice of the rights and interests conveyed to [OTA] through the recording of the [OTA/Mamosa Deed], including, but not limited to, the abutter's rights described therein." The trial court evidently made this determination because the Mamosa/Expert Deed and the OTA/Mamosa Deed conveyed real property owned by Mamosa prior to the Expert/Riverbend Deed and conveyed real property within the same township, section and range, and because Mamosa was the common grantor among OTA, Expert, and Riverbend.

¶14 Riverbend appeals from the grant of summary judgment to OTA, specifically arguing the inadequacy of the description in the OTA/Mamosa Deed to give it or other third parties constructive notice of OTA's purported abutters rights "associated with an unspecified tract of land." It also argues the 5.64 tract of land conveyed to OTA, the legal description of which is set out in the OTA/Mamosa Deed, is "outside the chain of title to the subject [property.]"

STANDARD OF REVIEW

¶15 "This appeal stems from a grant of summary judgment, which calls for de novo review." Woods v. Mercedes-Benz of Okla. City, 2014 OK 68, ¶ 4, 336 P.3d 457 (citations omitted). Under the de novo standard, this Court is afforded "plenary, independent, and non-deferential authority to examine the issues presented." Harmon v. Cradduck, 2012 OK 80, ¶ 10, 286 P.3d 643 (citation omitted). This appeal also concerns statutory construction, which is a question of law, State v. Tate, 2012 OK 31, ¶ 7, 276 P.3d 1017, and, consequently, requires a de novo review standard, Kluver v. Weatherford Hosp. Auth., 1993 OK 85, ¶ 14, 859 P.2d 1081.

ANALYSIS

¶16 Although OTA objected to Riverbend's motion for summary judgment on various grounds including what is termed inquiry notice,[12] the only basis upon which the trial court granted summary judgment to OTA was on the ground of constructive notice presumed in law pursuant to 16 O.S. 2011 § 16.[13] Because we conclude the OTA/Mamosa Deed does not contain the required legal description of "the remaining portion of the grantors land" and thus does not contain a legal description of the 7.34 acre tract at issue here, the mandate of 19 O.S. 2011 § 298(A) has not been met, and a third party, therefore, cannot be held to have had constructive notice of that deed pursuant to 16 O.S. 2011 § 16. We likewise conclude the OTA/Mamosa Deed did not give Riverbend constructive notice through OTA's chain-of-title argument with respect to the 7.34 acre tract because that deed does not comply with the recording statutes.

¶17 Section 298(A) "require[s] that the mandates of the Legislature be complied with, as expressed in Sections 287 and 291," and requires that the deed or other instrument "shall by its own terms describe the property by its specific legal description, and provide such information as is necessary for indexing as required in Sections 287 and 291 of this title[.]" (Emphasis added.) Therefore, to be "recorded as prescribed by law," 16 O.S. § 16, such that constructive notice of the deed is presumed in law as to third parties, § 298(A) clearly and unambiguously provides that a record of the deed must be made as required by both §§ 287 and 291 -- that is, in both the grantor/grantee index and the tract index, both of which require a description of the property -- and that a specific legal description of the property must be provided.[14]

¶18 We are not persuaded by OTA's apparent argument that the legal descriptions in the OTA/Mamosa Deed pertaining to the exceptions provide such notice. That argument rests upon a supposition that Riverbend had, in effect, a duty or obligation, to locate a filed deed that did not contain a specific legal description of real property Riverbend subsequently purchased, though arguably that deed affected interests in the real property Riverbend subsequently purchased. That is, the mere fact that a filed deed may contain information from which one could "figure out" what interest was restricted, is not, in our view, sufficient to impose constructive notice of the existence of that deed on a third party pursuant to 16 O.S. § 16.[15]

¶19 Though the issue presented was one principally concerned with the intent of the parties to an assignment of an interest in oil and gas, in Plano Petroleum, LLC v. GHK Exploration, L.P., 2011 OK 18, 250 P.3d 328, the Oklahoma Supreme Court addressed the infirmity of "an instrument which contains absolutely no legal description of the leased premises." Id. ¶ 9. The Supreme Court stated:

 

There is a long-standing black letter rule of law that "the description of the premises conveyed must be so certain and definite as to enable the land to be identified." Arbuckle Realty Trust v. Southern Rock Asphalt Co., 1941 OK 237, ¶ 8, 116 P.2d 912, 914. See also Key v. Key, 1963 OK 288, ¶ 22, 388 P.2d 505, 511. That requirement is more than a legal nicety, it is essential for recording in the county clerk's office and for establishing a chain of title. [Coley v. Williams, 1924 OK 323, ¶ 3, 224 P. 345, 346.]

Plano, ¶ 9 (emphasis added). The Court further explained: "[T]he want of an adequate and precise description of the premises tends to render [the] title unmarketable and objectionable to future purchasers; and . . . a conveyance, though admitted to record, is not notice to subsequent purchasers, unless the granted premises be therein so plainly and clearly described that a person reading the deed may locate and identify the property therefrom." Id. ¶ 9 n.4 (quoting Coley).[16]

¶20 Nor are we persuaded by OTA's argument that Riverbend had constructive notice of the OTA/Mamosa Deed because Mamosa is Riverbend and OTA's common grantor.[17] OTA argues that its deed is in Riverbend's chain of title because of their common grantor, even though, as previously discussed, no legal description of Riverbend's 7.34 acre tract appears in OTA's deed. This chain-of-title argument stands in contravention of the recording statutes.

 

The general rule is that the record of an instrument entitled to be recorded will give constructive notice to persons bound to search for it. But constructive notice being a creature of statute, no record will give constructive notice unless such effect has been given to it by some statutory provision.

Crater v. Wallace, 1943 OK 250, ¶ 11, 140 P.2d 1018 (citation omitted). In Crater, the instrument at issue was not one entitled to be recorded so it could not be found to have given constructive notice to some third party. Thus, in the present case, the record of the OTA/Mamosa Deed will not give constructive notice to Riverbend "unless such effect has been given to it by some statutory provision." That statutory authority, as above discussed, is found in the recording statutes and they require a specific legal description of the property affected by the OTA/Mamosa Deed.[18] OTA's argument would, in effect, defeat the express requirements of the recording statutes.

¶21 Consequently, on the summary judgment record herein, Riverbend's position as a bona fide purchaser for value cannot be defeated on the basis of constructive notice in law pursuant to 16 O.S. § 16 or under the chain-of-title argument offered by OTA.[19]

 

CONCLUSION

 

¶22 We conclude the trial court erred in granting summary judgment to OTA for the reasons herein discussed and, therefore, we reverse the judgment and remand the cause for further proceedings.

¶23 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, J., and GOODMAN, J., concur.

FOOTNOTES

[1] Various general warranty, special warranty, and correction special warranty deeds are filed of record pertaining to land conveyed to Riverbend and OTA as well as to land conveyed by Mamosa to Expert and other entities unconnected to this lawsuit. The parties do not dispute the accuracy of the legal descriptions contained in the various correction deeds and all the deeds at issue were filed of record.

[2] This tract of land (the subject property) is located in Oklahoma City and "contains 7.34 acres, more or less." The eastern boundary of the subject property borders a right of way acquired by OTA and by Rockwell Avenue, and the northern boundary borders a right of way acquired by OTA and by Memorial Road and lies to the south of the Kilpatrick Turnpike.

[3] (Emphasis in original.)

[4] Under Oklahoma law, "[t]here is a statutory presumption that every estate in land granted by a deed shall be deemed an estate in fee simple unless limited by express words." Cleary Petroleum Corp. v. Harrison, 1980 OK 188, ¶ 8, 621 P.2d 528 (citing 16 O.S. [now 2011] § 29: "Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words.").

[5] In support of this argument, Riverbend relies on, among others, 16 O.S. 2011 § 29 and State ex rel. Department of Highways v. Allison, 1962 OK 151, ¶ 5, 372 P.2d 850 ("The right to 'access, light, air or view' constitutes 'abutters rights' which are now recognized in most jurisdictions. These rights are in the nature of easements belonging to the owners of property abutting public highways, and they exist regardless of whether the State owns the fee of the highway, or merely an easement therefor." (citations omitted)).

[6] Title 16 O.S. 2011 § 16 provides: "Every conveyance of real property acknowledged or approved, certified and recorded as prescribed by law from the time it is filed with the register of deeds for record is constructive notice of the contents thereof to subsequent purchasers, mortgagees, encumbrancers or creditors."

[7] Title 19 O.S. 2011 § 298(A) concerning the information needed for indexing and the duty of the register of deeds provides, in part, as follows:

Every county clerk in this state shall require that the mandates of the Legislature be complied with, as expressed in Sections 287 and 291 of this title, and for that purpose, every instrument offered which may be accepted by the county clerk for recording, affecting specific real property whether of conveyance, encumbrance, assignment, or release of encumbrance, lease, assignment of lease or release of lease, shall be an original or certified copy of an original instrument and clearly legible in accordance with the provisions of subsection B of this section, and shall by its own terms describe the property by its specific legal description, and provide such information as is necessary for indexing as required in Sections 287 and 291 of this title[.]

(Emphasis added.) Section 287 requires the register of deeds to keep an index of deeds direct and inverted that shall be divided into columns, with headings for the respective columns identifying, among other matters, the grantor, grantee, the property recorded and description of the property. Section 291 requires the county clerk to keep a numerical index "in which shall be noted all deeds relating to tracts of land and units within unit ownership estates within the limits of such county," and, among other things, requires a legal description of the property. Section 291 further provides:

It shall be the duty of the county clerk to make correct entries in such numerical index of all instruments recorded concerning tracts of land under the appropriate heading, and in the subdivision devoted to the particular quarter section described in the instrument making the conveyance, and the county clerk shall enter in their appropriate division, before any other entries are made, all the transfers embraced in the instrument recorded within his office, commencing with the first.

[8] See, n.3, supra, and accompanying text.

[9] (Emphasis added.) Riverbend does not reference the remaining language in this sentence which describes certain "exceptions."

[10] See 25 O.S. 2011 § 12 ("Constructive notice is notice imputed by the law to a person not having actual notice.").

[11] OTA quotes Smith v. Williams, 1928 OK 333, ¶ 37, 269 P. 1067 (emphasis omitted), in support of its argument.

[12] OTA argues Riverbend had constructive notice implied from the facts and circumstances about which it did have actual knowledge but about which it failed to make reasonable inquiry, relying on 25 O.S. 2011 § 13. Section 13 provides: "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself." Though not addressing constructive notice as concerns deeds and third party purchasers, in discussing "implied notice," another division of this Court stated "the rule of '[i]mplied notice' deals with a presumption of fact, relating to 'what one can learn by reasonable inquiry[.]" Red Rock Distrib. Co. v. State ex rel. Reneau, 1999 OK CIV APP 124, ¶ 10, 993 P.2d 142 (citing Charles v. Roxana Petroleum Corp., 282 F. 983, 988 (8th Cir. 1922), cert. denied, 261 U.S. 614 (1923). In discussing 16 O.S. § 16, the Charles Court explained:

A recorded deed is therefore constructive notice under this section of the contents thereof -- that is, of what appears on the face of the instrument. There is considerable misuse of the term "constructive notice." Constructive notice is a presumption of law. Implied notice is a presumption of fact. Constructive notice makes it impossible for the person to deny the matter concerning which notice is given. Implied notice relates to what one can learn by reasonable inquiry. It arises from actual notice of circumstances, and not from constructive notice. . . .

Id. at 988-89. In discussing 25 O.S. § 13, the federal court further explained:

The Oklahoma statute makes constructive notice under certain circumstances and conditions take the place of what is usually termed implied notice. There is no constructive notice, however, under the Oklahoma statute, unless there is actual notice of circumstances sufficient to put a prudent man on inquiry. . . .

. . . .

While the general doctrines of notice, as enunciated in the decisions of most of the courts, do not go as far as the Oklahoma statute on the subject of constructive notice, yet the doctrine of implied notice from knowledge of facts sufficient to put a reasonably prudent man on inquiry in its results reaches the same end and accomplishes practically the same purpose.

282 F. at 989 (citations omitted). See also Crater v. Wallace, 1943 OK 250, ¶ 17, 140 P.2d 1018 (Title 16 O.S. § 16 could not provide constructive notice to an innocent purchaser of value of certain surface and mineral rights because the instrument at issue was not one entitled to be recorded nor a conveyance of property; nor could 25 O.S. § 13 defeat plaintiff's quiet title action because he had "no actual knowledge of [certain] adverse claims, or knowledge of any facts that would impose on him constructive notice of such claims.").

[13] OTA contends that arising from other circumstances about which Riverbend allegedly had actual knowledge, Riverbend had constructive notice of the OTA/Mamosa Deed or OTA's interest in the subject property. OTA sets out a number of "circumstances" it asserts should have prompted Riverbend to make further inquiry about whatever rights OTA might have in the subject property. Riverbend challenges the adequacy of the circumstances asserted by OTA as prompting or imposing a need for inquiry, and, among other things, denies it had knowledge of other circumstances raised by OTA. Assuming, without deciding, the rule of "implied notice" might defeat Riverbend's quest to quiet title in the subject property based on these alleged circumstances, what it may or may not have known and whether inquiries it made were "prudent" -- i.e., were reasonable -- involve questions of fact that are not properly considered on summary judgment. "Summary judgment is appropriate [only] when there is no dispute as to material facts or any inferences drawn from undisputed facts and the law favors the movant's claim or liability defeating defense." Vasek v. Bd. of Cnty. Comm'rs, 2008 OK 35, ¶ 10, 186 P.3d 928 (citation omitted). Consequently, we do not consider these circumstances for purposes of this appeal.

[14] "The fundamental rule of statutory construction is to ascertain the intent of the legislature," State v. Tate, 2012 OK 31, ¶ 7 (citation omitted), "and that intent is first sought in the language of the statute," YDF, Inc. v. Schlumar, Inc., 2006 OK 32, ¶ 6, 136 P.3d 656 (citation omitted). "Where the language of a statute is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language" used. Berry v. State ex rel. Okla. Pub. Emps. Ret. Sys., 1989 OK 14, ¶ 6, 768 P.2d 898 (citation omitted).

[15] Cf. Burgess v. Indep. Sch. Dist. No. 1 of Tulsa Cnty., 1959 OK 37, ¶ 23, 336 P.2d 1077 ("The primary purpose of the recording statutes is to provide means for making public all claims of title and interests in real property. It is incumbent upon persons claiming such interests to see that their claim or interest is correctly described. Persons who wish to keep their interests in lands secret must do so at their own peril and not rely upon the cloak of the doctrine of constructive notice to protect such interests."). While principally concerned with the issue of the discovery rule and whether the statute of limitations had run on a claim by a grantor, the Oklahoma Supreme Court recently noted the object of the recording statutes

is to require the public to act with the presumption that recorded instruments exist and are genuine. See, Lewis v. State, 32 Ariz. 182, 256 P. 1048 (1927). The object of the registry laws in providing recordation of an instrument is to afford "notice of its contents, and of all rights, title, and interest, legal or equitable, created by or embraced within it, to every person subsequently dealing with the subject matter whose interest or duty it is to make a search of the record." Conly v. Indus. Trust Co., 27 Del. Ch. 28, 29 A.2d 601, 602 (1943). The statutory recording requirement for validity of an interest in real property provides notice to the public of a conveyance of or encumbrance on real estate and serves to protect both those who already have interests in land and those who would like to acquire such interests. C.F. Investments, Inc. v. Option One Mortg. Corp., 163 N.H. 313, 42 A.3d 847 (2012).

Calvert v. Swinford, 2016 OK 100, ¶ 13 n.23, 382 P.3d 1028. In Lewis, the Supreme Court of Arizona stated, "[t]he very fact that the state has specified an instrument may or shall be filed, registered, or recorded is evidence that in its public policy it deems it important enough for the general good of its citizens that a place and a manner be provided where the existence of the instrument may be established[.]" 256 P. at 1050 (emphasis added).

[16] The decisional law upon which OTA relies for its argument that the description "remaining portion of the grantors land" is a sufficient legal description does not address the constructive notice issue presented herein. In Janko v. State ex rel. Department of Highways, 1969 OK 79, 455 P.2d 681, the "remaining portion of the defendants' land" as a description of the real property sought to be condemned was not an issue, rather the issue was the amount in damages to which the defendants were entitled. Janko did not consider the adequacy of "the remaining portion of defendants' land" as a description of the real property for purposes of constructive notice to third parties. In State ex rel. Department of Highways v. Gosselin, 1972 OK 12, 493 P.2d 430, the issue of whether "remaining portion of [the property owner's] property" is sufficient for constructive notice was not raised. There the defendants sought compensation for the damage to their "remaining portion," but no issue was presented about what property constituted the "remaining portion." They also sought reverse condemnation and sought money damages for the condemnation of a particular acreage of easement; an issue the Court said was not before it on appeal. In Lloyd v. State, 1967 OK 99, 428 P.2d 261, another condemnation case, the issue was the adequacy of the description of the "remaining land" in a certified copy of excerpts from the minutes of a meeting of the Oklahoma State Highway Commission and whether the statutory requirements of the condemnation statutes had been met. That case, like the others offered by OTA, did not involve the adequacy of "remaining portion of [the property owner's] property" as providing constructive notice to a third party under 16 O.S. § 16.

[17] OTA relies on Smith v. Williams, 1928 OK 333, 269 P. 1067, wherein the Oklahoma Supreme Court explained:

The rule seems to be well established in this state that the purchaser of real estate is not bound to take notice of registered liens or deeds created or executed by any person other than those through whom he is compelled to deraign his title. Perkins v. Cissell, [1912 OK 399], 124 P. 7; Reigel v. Wood, [1924 OK 113], 229 P. 556. In the latter case, it was said:

"The grantee is not required to take notice of conveyances not within his chain of title or those conveyances through which the purchaser is not compelled to deraign his title." [Reigel, ¶ 2].

Smith, ¶ 37. In Smith, the purported deed about which the defendants were asserted to have had notice was void. Id. ¶ 36. In Perkins, notice of ratification of a contract pertaining to certain real property was filed by one who was not the person from whom the plaintiff purchased that real property and was found to be outside the record chain of title of that property. 1912 OK 399, ¶ 3. In our view these cases do not stand for the proposition that a third party has constructive notice of conveyances of real property made by a common grantor that do not contain a legal description of the real property conveyed to the third party.

[18] See also 16 O.S. 2011 § 15 ("Except as hereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage, or contract relating to real estate as between the parties thereto; but no deed . . . shall be valid as against third persons unless acknowledged and recorded as herein provided. (emphasis added)). Cf. M. Merrill, Merrill on Notice, § 981, at 555 (1952) ("Another outgrowth of the chain of title requirement is the rule that ordinarily the record of an instrument relating to a particular tract does not impress one who subsequently deals with the title to another tract with notice of matters touching that title which appear in the document affecting the first tract.").

[19] As previously noted herein, we make no decision concerning actual or implied notice or about any other issue currently undetermined below.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1999 OK CIV APP 124, 993 P.2d 142, 70 OBJ 3802, Red Rock Distributing Co. v. State ex. rel. Dept. of Labor
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 14, 768 P.2d 898, 60 OBJ 260, Berry v. State ex rel. Oklahoma Public Employees Retirement System
Discussed
 1941 OK 237, 116 P.2d 912, 189 Okla. 304, ARBUCKLE REALTY TRUST v. SOUTHERN ROCK ASPHALT CO.
Discussed
 1993 OK 85, 859 P.2d 1081, 64 OBJ 2009, Kluver v. Weatherford Hosp. Authority
Discussed
 1959 OK 37, 336 P.2d 1077, BURGESS v. INDEPENDENT SCHOOL DISTRICT NO. 1
Discussed
 1962 OK 151, 372 P.2d 850, STATE v. ALLISON
Discussed
 1963 OK 288, 388 P.2d 505, KEY v. KEY
Discussed
 1967 OK 99, 428 P.2d 261, LLOYD v. STATE
Discussed
 1924 OK 113, 229 P. 556, 110 Okla. 279, REIGEL v. WOOD
Discussed
 1969 OK 79, 455 P.2d 681, JANKO v. STATE EX REL. DEPARTMENT OF HIGHWAYS
Discussed
 1972 OK 12, 493 P.2d 430, STATE EX REL. DEPARTMENT OF HIGHWAYS v. GOSSELIN
Discussed
 2006 OK 32, 136 P.3d 656, YDF, INC. v. SCHLUMAR, INC.
Discussed
 2008 OK 35, 186 P.3d 928, VASEK v. BOARD OF COUNTY COMMISSIONERS
Discussed
 1924 OK 323, 224 P. 345, 98 Okla. 143, COLEY v. WILLIAMS
Discussed
 2011 OK 18, 250 P.3d 328, PLANO PETROLEUM, LLC v. GHK EXPLORATION, L.P.
Discussed
 2012 OK 31, 276 P.3d 1017, STATE v. TATE
Discussed at Length
 2012 OK 80, 286 P.3d 643, HARMON v. CRADDUCK
Discussed
 2014 OK 68, 336 P.3d 457, WOOD v. MERCEDES-BENZ OF OKLAHOMA CITY
Discussed
 2016 OK 100, 382 P.3d 1028, CALVERT v. SWINFORD
Discussed
 1928 OK 333, 269 P. 1067, 132 Okla. 141, SMITH v. WILLIAMS
Discussed at Length
 1980 OK 188, 621 P.2d 528, Cleary Petroleum Corp. v. Harrison
Discussed
 1943 OK 250, 140 P.2d 1018, 193 Okla. 32, CRATER v. WALLACE
Discussed at Length
 1912 OK 399, 124 P. 7, 32 Okla. 827, PERKINS v. CISSELL
Discussed at Length
Title 16. Conveyances
 Cite
Name
Level

 16 O.S. 15, Necessity of Acknowledgment and Recording as to Validity - Acknowledge and Record as Condition for Judgment Lien to be Binding against Third Persons
Discussed
 16 O.S. 16, Constructive Notice
Discussed at Length
 16 O.S. 29, Estate in Fee Simple
Discussed
Title 19. Counties and County Officers
 Cite
Name
Level

 19 O.S. 298, Instruments to Contain Information Necessary for Indexing - Duty of Register of Deeds
Discussed at Length
Title 25. Definitions and General Provisions
 Cite
Name
Level

 25 O.S. 12, Constructive Notice Defined
Cited
 25 O.S. 13, Deemed Constructive Notice
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA